Irwin L. Eisenberg, D. O., Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued September 13, 1984, before Judges Mac-Phail and Colins, and Senior Judge Blatt, sitting as a panel of three.

*Philip P. Blackman,* with him, *Gilbert B. Abramson, Freedman & Blackman, P.C.,* for petitioner.

*Bruce G. Baron,* Assistant Counsel, for respondent.

Opinion by Judge MacPhail, December 11, 1984:

Dr. Eisenberg (Appellant) appeals to this Court from an order of the Department of Public Welfare

(DPW) dated June 4, 1984 which: 1) suspended Appellant from participation as a provider in the State Medical Assistance Program (Medicaid) for a period of three years effective October 30, 1980 because of poor record keeping and improper billing and 2) suspended Appellant as a provider for five years from February 19, 1982 because he was convicted of a criminal offense.

Most of the problem in this case results from procedures which this Court is frank to admit are very confusing.

From our review of the record, it appears that a "charge letter" was sent to Appellant on September 30, 1980 which notified him that he was being suspended for three years because of poor record keeping and improper billing. Appellant filed a timely appeal with DPW pursuant to which a fair hearing was scheduled and held. After the record was closed and briefs were filed, DPW was advised that Appellant had entered a plea in the United States District Court for the Eastern District on mail fraud charges relating to his Medicare and Medicaid practice of medicine. DPW then filed motions with the hearing examiner to reopen the record and for summary judgment alleging that since termination of provider services is mandated when the provider has been convicted of a crime relating to the practice of his profession, there was nothing for the examiner to decide concerning the underlying circumstances of the crime. Appellant filed an objection to the motion to reopen and filed an answer to the motion for summary judgment. *Without further hearing or argument,* the examiner concluded that he could not grant the motion for summary judgment because there was no procedure which would authorize him to do so, but he would consider that motion as an amendment to the original charge letter.

He thereupon granted the motion to reopen and made the following recommendation to the Secretary of DPW (Secretary):

It is the Recommendation of the Hearing Examiner that the Department's action in suspending appellant from participation in the State Medical Assistance Program for a period of five years from the date of his conviction in Federal Court be sustained and that the administrative appeal therefrom be denied.

The Secretary's order modified the examiner's recommendation by stating *inter alia*:

Also, the Department pursuant to its regulations has charged appellant to be suspended from the Medical Assistance Program for a period of five years commencing from the date of conviction of the appellant in a Federal Court. Therefore, it is hereby ORDERED AND DECREED that the Department's relief of suspending the provider for three years and subsequently for five years as mentioned heretofore is adopted in its entirety.

After the case was listed for argument before this Court, DPW presented two motions to "quash in part." These motions were directed to be heard and decided with the argument on the merits. The first motion, filed July 23, 1982, alleges that since Appellant's petition only refers to the three year suspension, the instant appeal is limited to that issue. It is true that Appellant's petition for review sets forth in paragraph 4 only that part of the Secretary's order of June 4, 1982 which related to the three year suspension; however, the Appellant clearly stated in paragraph 5 that the Secretary's order should be reversed because the examiner improperly reopened the hearing and that DPW improperly submitted prejudicial evi-

dence to the examiner. We agree with Appellant that his petition for review, when read as a whole, is sufficiently specific to constitute an appeal from both suspensions. We, accordingly, deny DPW's motion to quash.

A second similar motion was filed September 10, 1984. This motion refers to yet another order entered against Appellant by DPW on July 12, 1984. If we correctly understand the motion, DPW is contending that in its July 12, 1984 order, it precluded the Appellant from participating in the Medicaid program until he is eligible to participate in the federal Medicare program. The federal authorities apparently suspended Appellant from participating in that program for five years, effective October 14, 1983. Citing a DPW regulation which mandates a provider's termination in Medicaid if the provider has been terminated or suspended from the federal Medicare program, DPW's motion is to the effect that the instant case is moot to the extent that it involves DPW's right to preclude Appellant's participation as a provider from October 14, 1983. It should be obvious that this Court will not quash an appeal or any part thereof because of another order we do not have before us and which Appellant tells us in his answer to the motion to quash, is on appeal to this Court. Motion denied.

At long last we come to the merits of this appeal, but not to the end of the confusion. Although Appellant's petition for review refers to both suspensions either specifically or by implication, his statement of questions in the brief to this Court solely relates to the five year suspension. We suspect that the reason for this is that the three year suspension, which became effective October 30, 1980, has now expired. In any event, Pa. R.A.P. 2116(a) provides in part that ordinarily no point will be considered by the reviewing

Court which is not set forth in, or suggested by, the statement of questions involved. In the interest of the conservation of judicial time and effort, we will invoke the sanctions of that rule in the instant case and refuse to review the three year suspension.

That part of the DPW order which suspended Appellant for five years is based on an "Alford plea." In *North Carolina v. Alford,* 400 U.S. 25 (1970), the U.S. Supreme Court held that an individual accused of a crime in a federal court may voluntarily consent to the imposition of sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime. While such a plea is not acceptable in Pennsylvania, we do, of course, recognize a plea of nolo contendere. Such a plea is an implied confession of guilt only and cannot be used against the pleader as an admission in any civil suit for the same act, but, where a Commonwealth administrative agency is acting to protect the citizens by regulating the conduct of licensees, a plea of nolo contendere is admissible as evidence of guilt. *State Dental Council and Examining Board v. Friedman,* 27 Pa. Commonwealth Ct. 546, 367 A.2d 363 (1976). While the plea may be evidence of guilt, a licensee is not precluded from introducing other evidence to refute his guilt. *Id.* Because there is substantial similarity between the two pleas, we believe they should be accorded the same effect in administrative hearings. We, accordingly, hold that an Alford plea, while admissible in an administrative hearing against a licensee as evidence of guilt of a crime, is not conclusive and the licensee must be afforded the opportunity to offer countervailing evidence.

In the case *sub judice,* Appellant was given no opportunity to present evidence or legal argument regarding the proceedings which culminated in his plea

in the Federal District Court. We believe DPW acted precipitously and in violation of Appellant's constitutional due process rights in ordering the five year suspension. That part of the DPW order which imposed the five year suspension, therefore, must be set aside and the case remanded for an evidentiary hearing as to that part of the suspension order only.

ORDER

The Department of Public Welfare's motions to quash are denied.

The Order of the Secretary of the Department of Public Welfare entered June 4, 1982 is affirmed as to that part thereof which suspended Dr. Eisenberg for three years, commencing October 30, 1980. That part of said order, which suspended Dr. Eisenberg for five years from the date of his plea to a crime in the United States District Court for the Eastern District, is vacated and the case is remanded to the Department of Public Welfare for further proceedings not inconsistent with the foregoing opinion.

Jurisdiction is relinquished.