506 A.2d 1343

Mansion Nursing and Convalescent Home, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued February 4, 1986, before Judges CRAIG and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Daniel L. Sullivan, Shearer, Mette & Woodside,* with him, *Jeffrey Apfelbaum, Apfelbaum & Apfelbaum,* for petitioner.

*Bruce G. Baron,* Assistant Counsel, with him, *John Kane* and *Jules S. Henshell,* for respondent.

OPINION BY JUDGE CRAIG, March 25, 1986:

Mansion Nursing and Convalescent Home, Inc. appeals from an order of the Office of Hearings and Appeals granting the Department of Public Welfare's (DPW) motions to dismiss. We reverse.

Mansion, a private nursing facility providing skilled nursing and intermediate care to medical assistance

patients, was a participant in the Medical Assistance Program. As a participant, Mansion received medical assistance payments from DPW, for allowable costs for the services it provided to its patients. In order to receive the allowable costs, Mansion was required to file with DPW annual cost reports by June 30 of each year, the end of Mansion's fiscal year, so that DPW could conduct an audit to determine the amount of Mansion's allowable costs.

For the 1981-82 fiscal year, Mansion requested an extension to file its cost report, which DPW granted until December 31, 1982. Mansion did not file that cost report until May 6, 1983.

In addition, Mansion sold its nursing home on January 1, 1983, which obligated Mansion to file with DPW a final cost report within thirty days after the effective date of the transfer. Mansion did not file that final cost report until May 6, 1983.

In September 1983, DPW conducted a "limited review" of Mansion's annual and final cost reports for the fiscal periods ending June 30, 1982, and December 31, 1982. DPW concluded that Mansion was eligible to receive medical assistant payments; however, because Mansion had failed to file its cost reports on time, DPW determined that Mansion's allowable costs for both fiscal periods were zero. Further, DPW assessed an overpayment against Mansion for the interim payments DPW had made to Mansion, $378,373.89 for the fiscal period ending June 30, 1982, and $173,651.36 for the fiscal period ending December 31, 1982, based on its determinations that Mansion had zero allowable costs.

The only issue raised on appeal by Mansion is whether DPW had the authority to determine Mansion's allowable costs to be zero as a sanction for the late filing of its annual and final cost reports.

Our Supreme Court in *Department of Public Welfare v. Forbes Health Systems,* 492 Pa. 77, 81, 422 A.2d 480, 482 (1980), stated:

> In reviewing an administrative agency's interpretation of its own regulations, courts are governed by a two step analysis. First, 'in construing administrative regulations, the ultimate criterion is the administrative interpretation, which becomes of controlling weight unless it is plainly erroneous or inconsistent with the regulation.' United States v. Larionoff, 431 U.S. 864, 872 (1977), quoting Bowles v. Seminole Rock Co., 325 U.S. 410 (1945). Second, the regulations 'must be consistent with the statute under which they are promulgated.' *Id.* at 873.

The court further said, in applying the two-step analysis, the court must determine whether there is "specific authorization" in the regulations for the challenged activity, and whether the agency's interpretation is "plainly inconsistent with the wording of the regulations." With these principles in mind, we shall review DPW's regulations regarding the late filing of annual and final cost reports.

DPW's regulation, 55 Pa. Code §1181.91, pertains to the sanctions DPW may impose for the late filing of an annual cost report, which provides:

> (a) Failure to file a cost report, when due, unless an extension of time is requested by the facility within the ninety-day period specified in §1181.64 (relating to cost reporting), and subsequently granted by the Department, may result in termination of Provider Agreement.

> (b) When a facility has failed to file a cost report or other required information for a period of 180 days after the close of each fiscal year, the Department will notify the facility of this

failure by certified mail, return receipt request-
ed. Thirty days following this notice, the De-
partment will terminate the Medical Assistance
Provider Agreement, unless the failure to file is
corrected within the 30 day period.

That regulation authorizes DPW only to terminate, up-
on notice, a facility's provider agreement because of
the facility's failure to file a timely cost report; the reg-
ulation does not authorize DPW to set allowable costs
at zero as a sanction for late filing of cost reports.

DPW's regulation, 55 Pa. Code §1181.73, covers a
facility's failure to file a timely final cost report, which
provides:

(b) When a final cost report is not submitted,
the Department will make final cost settlement
for that fiscal year at the last final *per diem* rate
for which the Department has audited costs for
that facility, provided that the rate established
will not exceed the maximum *per diem* rate ceil-
ing in effect when the facility was last audited.

That regulation authorizes DPW only to make a final
cost settlement based upon the facility's last final *per
diem* rate, for which DPW has audited costs; the regu-
lation does not authorize DPW to impose a zero allow-
able cost.

We hold that DPW's determinations that Mansion
had zero allowable costs, for the fiscal periods ending
June 30, 1982 and December 31, 1982, were not specif-
ically authorized by DPW's regulations, and were
plainly inconsistent with the wording of those regula-
tions.

Accordingly, the order of the Office of Hearings
and Appeals is reversed, and we remand for a determi-
nation of Mansion's allowable costs for the fiscal
periods ending June 30, 1982 and December 31, 1982,
in accordance with this opinion.

### ORDER

Now, March 25, 1986, the order of the Office of Hearings and Appeals, dated April 1, 1985, Nos. 23-83-308 and 23-83-309 is reversed, and this case is remanded for a determination of Mansion's allowable costs for the fiscal periods ending June 30, 1982 and December 31, 1982, in accordance with this opinion.

Jurisdiction relinquished.