506 A.2d 1010

Mercy Convalescent Home, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued September 10, 1985, before President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge KALISH, sitting as a panel of three.

*Suzanne Rauer*, with her, *Charles O. Barto, Jr.*, for petitioner.

*Bruce G. Baron,* Assistant Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., April 1, 1986:

Mercy Convalescent Home, Inc. (Mercy), appeals a Department of Public Welfare (DPW) order denying it reimbursement for failing to timely file cost reports for fiscal years 1977 and 1978. We affirm.

Mercy, a skilled nursing home, receives reimbursement for patient services performed in the previous fiscal period under the Pennsylvania Medical Assistance Program. Reimbursement is based on annual cost reports which are audited by DPW. Due to the chaotic state of Mercy's bookkeeping and accounting departments, it requested and was granted numerous time extensions for filing its 1977 and 1978 cost reports.[1] After Mercy filed the reports, DPW notified it, on April 1, 1980, that they were unauditable.[2] However, Mercy failed to resubmit the reports until April

---

[1] Mercy was sold December 1, 1978, which required the filing of a *final* cost report. However, it appears from the record that this report is not in dispute.

[2] The text of DPW's April 1, 1980 letter is as follows:

We are returning the Financial and Statistical Reports, Form MA-11, for Mercy Convalescent Home for the fiscal years ended November 30, 1977, and November 30, 1978, because these reports cannot be audited as filed.

The Medical Assistance Program Manual for Allowable Cost Reimbursement for Skilled and Intermediate Care Facilities requires that each participating provider file an auditable Annual Cost Report within ninety (90) days after the close of the facility's fiscal year.

In accordance with the provisions in the Manual for Allowable Cost Reimbursement, the provider is required to file a final report within thirty (30) days after the last day of business. Failure to do so will result in having the Department make final cost settlement for the facility using the last audited per diem cost. An incomplete or incor-

15, 1981 (Fiscal Year 1977) and April 20, 1981 (Fiscal Year 1978). DPW rejected the resubmitted reports as untimely filed in September 1981.[3]

The hearing examiner found that the April 1, 1980 letter established a thirty-day extension for resubmitting the reports. The examiner concluded that DPW acted properly in rejecting the resubmitted reports because Mercy did not meet the extended deadline.

Our scope of review is limited to determining whether DPW's adjudication is in violation of constitutional rights, is not in accordance with law or is in violation of the agency's regulations or procedures, and whether substantial evidence supports the findings of fact. *Montgomery County Geriatric and Rehabilitation Center v. Department of Public Welfare,* 75 Pa. Commonwealth Ct. 248, 462 A.2d 325 (1983).

Mercy contends that DPW's April 1, 1980 letter established an open time extension for resubmitting the reports since it did not contain a deadline date. While we agree that the letter did not expressly establish a thirty-day resubmittal deadline, we reject Mercy's contention that this letter granted it an open extension.

Where the hearing examiner's conclusion was correct, although based on an erroneous reason, it may be affirmed if the record clearly indicates a correct basis for his conclusion. *Hankinson v. Department of Public Welfare,* 56 Pa. Commonwealth Ct. 307, 424 A.2d 625 (1981).

---

rectly prepared report is considered as not having been filed.

Enclosed are copies of the Financial and Statistical Report, Form MA-11, for your use in complying with all the filing requirements for final reporting as a provider.

If you have any question, or need assistance concerning the above matter, please contact us at (717) 787-1171.

[3] When a cost report is not timely filed, DPW makes a final cost settlement at the last per diem rate for which it audited costs.

Initially, we note that DPW's regulations give no guidance as to time extensions for reports which must be *resubmitted*.[4] However, we cannot interpret this void as granting to Mercy an infinite time period for resubmission.

We believe Mercy's failure to resubmit these un-auditable cost reports until April 1981, a *full year* after they were rejected as unauditable, clearly constitutes an *unreasonable* delay. This position is supported by Mercy's own admission that the 1976/77 cost report was filed late.[5] An open extension would result in an administrative delay, placing an undue burden on DPW.[6]

Mercy also contends that DPW violated its due process rights because the April 1, 1980 letter did not return the report or list its mistakes. We find no merit in this argument.

---

[4] The regulations controlling annual cost reporting, filing, and extensions are provided in 55 Pa. Code §§1181.64 and 1181.91(a). 55 Pa. Code §1181.64 reads:

> Each facility shall submit a cost report to the Department within 90 days following the close of each fiscal year as designated by the facility in accordance with §1181.71 (relating to annual reporting).

55 Pa. Code §1181.91(a) reads:

> (a) Failure to file a cost report, when due, unless an extension of time is requested by the facility within the 90-day period specified in §1181.64 (relating to cost reporting) and subsequently granted by the Department, may result in termination of the Provider Agreement.

[5] This acknowledgment is contained in a follow-up correspondence to DPW, dated July 1981 in which Mercy was inquiring into the status of this resubmitted report.

[6] To recognize the April 1, 1980 letter as an open extension would require DPW to wait indefinitely for the filing of Mercy's reports, with no indication as to when it would be able to determine reimbursement. *See Michael Manor, Inc. v. Department of Public Welfare*, 88 Pa. Commonwealth Ct. 583, 490 A.2d 957 (1985).

The essence of due process is fundamental fairness in view of all facts and circumstances of a case. *Burgess v. Roth,* 387 F. Supp. 1155 (1975). Our review of the record reveals that Mercy's delay in resubmitting the reports was solely the result of its own inaction. DPW had granted Mercy numerous extensions for filing its original reports. Mercy never inquired about the discrepancies referred to in the April 1, 1980 letter, despite DPW's invitation of assistance. Moreover, when Mercy finally resubmitted its cost reports in 1981, it did so without DPW's aid, thereby indicating that Mercy was aware of its mistakes.

Accordingly, DPW's order is affirmed.

ORDER

The order of the Department of Public Welfare, File No. 23-81-283 dated November 5, 1984, is affirmed.