556 A.2d 995

Beverly Enterprises, Inc. d/b/a Mountainview Christian Home, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued September 16, 1988, before Judges COLINS and SMITH, and Senior Judge KALISH, sitting as a panel of three.

*Thomas H. Brock*, with him, *Malcolm J. Harkins, Casson, Harkins & LaPallo*, for petitioner.

*Bruce G. Baron*, Assistant Counsel, for respondent.

OPINION BY JUDGE SMITH, April 12, 1989:

Petitioner, Beverly Enterprises, Inc., (Beverly) owner of Mountainview Christian Home (Mountainview), appeals an order of the Department of Public Welfare (DPW), Office of Hearings and Appeals (OHA), which denied, for failure to specify issues in dispute, Beverly's appeal of a DPW determination of Mountainview's Medicaid reimbursement. The OHA order is reversed and remanded.

The issue before this Court is whether Beverly's appeal to DPW was sufficiently specific for review as required by 55 Pa. Code §§1181.101(d), 1101.84(b)(2).[1]

---

[1] DPW regulations which relate to Medicaid provider appeals state that the appeal request must specify the issues presented for review and that the notice of appeal shall set forth in detail the reasons for appeal.

Although this case raises a procedural issue, a preliminary description of DPW's Medicaid reimbursement program (Program) places the procedural dispute in context.

The Program provides for cost-related reimbursement to skilled nursing home facilities, such as Mountainview, for services the facility has furnished to Medicaid beneficiaries. DPW makes interim payments to a facility subject to a year-end settlement based upon a year-end cost report filed by the facility and audited by DPW. Facilities eligible for the Program must submit a cost report to DPW within ninety days of the close of each fiscal year which DPW uses to determine a facility's provider reimbursement status after audit and any necessary adjustments. 55 Pa. Code §§1181.64, 1181.74. In addition, if a facility does not timely file a cost report, DPW may terminate the facility's participation in the Medicaid program. 55 Pa. Code §1181.91. Finally, a facility that enters into an agreement of sale or termination must file a final cost report with DPW within thirty days of said transaction; and if the final cost report is not submitted, DPW will make a settlement for the fiscal year in which sale or termination occurred based upon the last final *per diem* rate which DPW had audited for said facility. 55 Pa. Code §§1181.73(a), 1181.73(b).

The record reveals that on July 1, 1985, Beverly acquired Mountainview as DPW auditors were reviewing Mountainview's reimbursement status for the fiscal period ending June 30, 1983. On July 28, 1986, DPW notified Beverly that no costs could be audited for the fiscal period ending June 30, 1983 because the prior owners, Medwest, had failed to file a cost report for that period. Due to this failure, DPW determined that the facility's audited costs for the period should be set at zero.[2] Therefore, DPW demanded that the new owner,

---

[2] The issue of the appropriate DPW policies regarding determination of costs for delinquent providers as applied to Beverly will not

Beverly, refund all interim payments in the amount of $317,165.58 that DPW made to the prior owner of Mountainview for fiscal period ending June 30, 1983. In reviewing the record, there is an important question of fact in dispute. Petitioner Beverly claims that DPW has demanded a refund from Beverly of interim Medicaid payments made to the previous owner. This claim is supported by a letter from the Comptroller's office demanding the sum of $317,165.58 of DPW overpayment. DPW disagrees, however, stating that "DPW has demanded payment from the prior owner, not from Petitioner." DPW brief, p. 5. If DPW is correct, and Beverly has no liability regarding the overpayment, then such issue may be resolved upon remand.

On August 26, 1986, Beverly filed a timely appeal to OHA regarding the audit report for the fiscal period ending June 30, 1983. OHA filed a motion to quash Beverly's appeal for failure to state the specific issues appealed which was granted by OHA on December 1, 1987. Accordingly, Beverly petitioned this Court for review.[3]

---

be addressed in this appeal. We note, however, that DPW regulations provide that a delinquent provider's Medicaid eligibility may be terminated after sufficient procedural notification and that a substitute rate for delinquent providers' audit reports may be based on a previous year's filing. 55 Pa. Code §§1181.91, 1181.73(b). Nowhere, however, does the record indicate a DPW regulation allowing a zero-cost determination which this Court explicitly disallowed in *Mansion Nursing & Convalescent Home, Inc. v. Department of Public Welfare*, 96 Pa. Commonwealth Ct. 138, 506 A.2d 1343 (1986). *See also Mercy Convalescent Home, Inc. v. Department of Public Welfare*, 96 Pa. Commonwealth Ct. 217, 506 A.2d 1010 (1986) where this Court affirmed DPW's denial of a reimbursement to petitioner for failure to timely file a cost report and noted as acceptable per diem cost substitutions and possible termination of Program eligibility but not zero-cost determinations.

[3] Our scope of review from a DPW determination is limited to determining whether the adjudication is supported by substantial

DPW claims that Beverly failed to specifically identify the reimbursement issue regarding the zero-cost determination in its notice of appeal to OHA. Beverly's appeal identified the issue in question as "Audit Report for the Fiscal Period Ended June 30, 1983." As DPW's auditor offered a zero-cost determination in the subject audit report as the exclusive basis for denying Mountainview any Medicaid reimbursement for the fiscal period, there was only one issue that Beverly could have appealed by filing its notice to OHA. Thus, Beverly's appeal of the audit report inherently identified the zero-cost determination at issue.

This Court previously established a pragmatic evaluation standard when it suggested that a petition for appeal when read as a whole, could be sufficiently specific to constitute a valid appeal. *Eisenberg v. Department of Public Welfare*, 86 Pa. Commonwealth Ct. 358, 485 A.2d 511 (1984), *affirmed as modified*, 512 Pa. 181, 516 A.2d 333 (1986). Additionally, DPW misinterprets this Court's determination in *Mansion Nursing & Convalescent Home, Inc. v. Department of Public Welfare*, 96 Pa. Commonwealth Ct. 143, 506 A.2d 533 (1986) which denied a petition for appeal. *Mansion* is distinguishable because the petitioner failed to mention either specifically or by inference a previous expense as part of its original appeal and, although this was due through no fault of petitioner, the tardily raised issue was denied reconsideration. The instant case, however, relates to a single issue of contention, *i.e.*, a zero-cost determination for Mountainview's 1983 audited costs. Beverly clearly stated that its appeal was from the audit report pertaining

---

evidence, is in accordance with applicable law, or whether constitutional rights were violated. *Harston Hall Nursing and Convalescent Home, Inc. v. Department of Public Welfare*, 99 Pa. Commonwealth Ct. 475, 513 A.2d 1097 (1986).

to the fiscal period ending June 30, 1983; therefore as in *Eisenberg*, this Court must conclude that Beverly's appeal to OHA was sufficiently specific to constitute a valid appeal.

Accordingly, the order of the Office of Hearings and Appeals is reversed and this case is remanded for a determination on the merits of Beverly's appeal.

ORDER

AND NOW, this 12th day of April, 1989, the order of the Office of Hearings and Appeals is reversed and the case remanded consistent with the foregoing opinion.

Jurisdiction relinquished.

Judge MACPHAIL did not participate in the decision in this case.