633 A.2d 249

## GREENSBURG NURSING AND CONVALESCENT CENTER, Petitioner,

v.

## PENNSYLVANIA DEPARTMENT OF PUBLIC WELFARE, Respondent.

Commonwealth Court of Pennsylvania.

Argued Sept. 14, 1993.

Decided Oct. 29, 1993.

Alan M. Kaplan, for petitioner.

Carol Ulichney, Asst. Counsel, for respondent.

Before DOYLE and PELLEGRINI, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Greensburg Nursing & Convalescent Center (Greensburg) petitions for review of an order of the Department of Public Welfare (DPW), which dismissed Greensburg's appeal of a Medicaid reimbursement audit for failing to specify the issues in dispute, and failing to respond to requests to cure the same. We affirm.

Greensburg is a participant in DPW's Medicaid reimbursement program which provides cost-related reimbursement to nursing home facilities for services rendered to Medicaid beneficiaries. The amount of such reimbursement is subject to DPW audits of facility year end cost reports filed by each provider. On March 9, 1992, DPW issued an audit report of Greensburg's cost report for the fiscal year ending December 31, 1990. On April 9, 1992, Greensburg filed an administrative appeal of this audit report and DPW responded with a motion

to dismiss or in the alternative for a more specific appeal. Greensburg did not file an answer to this motion.

On June 2, 1992, the Office of Hearing and Appeals of DPW (OHA), issued upon Greensburg a rule to show cause why its appeal should not be dismissed. That rule was specifically directed towards Greensburg's failure to respond to DPW's motion and Greensburg's lack of specificity in its notice of appeal. Greensburg failed to respond, and on July 9, 1992, OHA, citing Greensburg's three opportunities to specify the issues presented for review and failure to do so, granted DPW's motion to dismiss.

█ Greensburg subsequently requested reconsideration of the July 9, 1992 order, and on August 5, 1992, the Secretary of DPW granted this request. Following an answer filed by DPW, the attorney examiner issued a recommendation that Greensburg's appeal be dismissed, and on September 21, 1992, the director of OHA issued a final administrative order dismissing Greensburg's appeal. Greensburg then requested reconsideration by the Secretary of the September 21, 1992 order, and again that request was granted. On November 25, 1992 the Secretary of DPW entered a final order affirming the dismissal of Greensburg's appeal. Greensburg now appeals to this Court.[1]

█ Greensburg argues that its notice of appeal was sufficiently specific,[2] and that DPW acted unreasonably and con-

---

1. This Court's scope of review in a DPW determination is limited to determining whether the adjudication is supported by substantial evidence, is in accordance with the law, or whether any constitutional rights were violated. Section 704 of the *Administrative Agency Law*, 2 Pa.C.S. § 704; *Harston Hall Nursing & Convalescent Home, Inc. v. Department of Public Welfare*, 99 Pa.Commonwealth Ct. 475, 513 A.2d 1097 (1986).

2. The notice of appeal, in its entirety, reads as follows:
   APPEAL OF GREENSBURG N & C CENTER
                    PN. 93561
   Re: Audit—1990—3/9/92
                    *REASONS*
   1. ORDER IS ENTITLED TO INTEREST
   2. PARTIES NOT RELATED OR TERMS ARE REASONABLE
   3. THERAPY IS ALLOWABLE

trary to law when it dismissed Greensburg's appeal for failing to respond to DPW's motion to dismiss and OHA's rule to show cause. Because DPW stated it was bound by its regulations to dismiss this case, Greensburg contends that this Court should now utilize its equitable powers to allow it to amend its notice of appeal.

In determining what degree of specificity is required for provider appeals, both sides argue over the interpretation of 55 Pa.Code § 1181.101(d).[3] Additionally, DPW regulations at 55 Pa.Code § 1101.84(b)(2) provide that "[t]he Notice of Appeal set forth in detail the reasons for the appeal." Greensburg argues that it need only address 55 Pa.Code § 1181.-101(d) because, "[t]he Department in its September 21, 1992 and November 25, 1992 Orders, has relied solely upon said Section 1181.101(d)". (Brief at p. 16). But a review of the attorney examiner's report, which formed the basis of the September 21, 1992 OHA order, shows that OHA discussed in considerable detail the requirements of 55 Pa.Code § 1101.84 and Greensburg's lack of compliance. (R.R. at 32a). In any event, Greensburg, as one who operates under and seeks benefits from a government-funded program, is deemed to have knowledge of applicable DPW regulations. *Nayak v. Pennsylvania Department of Public Welfare,* 107 Pa.Commonwealth Ct. 504, 529 A.2d 557 (1987); *Eye & Ear Hospital v. Department of Public Welfare,* 100 Pa.Commonwealth Ct. 363, 514 A.2d 976 (1986).

Much of Greensburg's argument that its notice of appeal was sufficiently specific[4] is based upon this Court's decision in

FINDINGS IN ERROR

**3.** 55 Pa.Code 1181.101(d) reads as follows:

"(d) An appeal shall be mailed to the Executive Director, Office of Hearings and Appeals, Department of Public Welfare, Post Office Box 2675, DPW Complex, 6th Floor, Harrisburg, Pennsylvania 17105, with a copy to the Office of Legal Counsel. *The appeal request shall specify the issues presented for review."* (Emphasis added.)

**4.** It is noteworthy that in its September 28, 1992 letter to the Secretary of DPW, Greensburg "acknowledges that the appeal, as filed, was probably not adequate, under 55 Pa.Code 1181.101, *et seq "* and then

*Beverly Enterprises v. Department of Public Welfare,* 125 Pa.Commonwealth Ct. 80, 556 A.2d 995 (1989), *petition for allowance of appeal denied,* 524 Pa. 631, 574 A.2d 72 (1990). In *Beverly,* the provider failed to file any cost report and, as a result, DPW's auditor made a zero-sum cost determination which denied the facility any reimbursement. The provider then filed an appeal in which it only mentioned the specific audit in question. This Court found that the provider had met its specificity requirements because there were no individual adjustments to appeal from. Rather, it was obvious that the only issue which could be raised would be the whole zero-sum determination, which was the only determination, and effectively denied the provider any reimbursement.

This case is easily distinguishable from *Beverly* in that here, there are eight adjusting journal entries made by the auditor. Despite this clear cut difference, Greensburg argues that pursuant to *Eisenberg v. Department of Public Welfare,* 86 Pa.Commonwealth Ct. 358, 485 A.2d 511 (1984), *aff'd as modified,* 512 Pa. 181, 516 A.2d 333 (1986), DPW should be required to employ a "pragmatic evaluation standard" so that when the appeal is looked at as a whole, it would be sufficiently specific to constitute a valid appeal. The word "whole" is interpreted by Greensburg to mean that DPW should study the audit in conjunction with the notice of appeal. But in *Eisenberg,* "whole" referred to a petition for review, submitted to this Court, which was, therefore, governed by the Rules of Appellate Procedure. This issue concerns a notice of appeal, which falls under, and is controlled by, DPW regulations 55 Pa.Code §§ 1181.101(d) and 1101.84(b)(2) as previously mentioned.

While it is reasonable to request that a notice of appeal be read in conjunction with the audit complained of, there is no allegation that this did, in fact, not occur. In her September 21, 1992 recommendation to the Director of OHA, the attorney examiner concluded that "this office, having read that petition for appeal as a whole, is unable, based upon the information

continues on to admit that "the appeal was in all likelihood inadequate". (R.R. at 35a)

provided by the appellant, to determine what issues are being appealed without speculation." (R.R. at 33a). Neither DPW, OHA, or any adjudicatory body should be required to speculate what issue a petitioner is raising.

■ Greensburg's next argument is that DPW acted unreasonably and contrary to law when it dismissed Greensburg's audit appeal. Therefore, the question before this Court is how many opportunities to amend a pleading must be given to a provider before an agency's motion to dismiss is upheld. Here, we believe that it was reasonable for DPW to deem Greensburg's appeal as insufficient because it was vague and capable of confusion. Therefore, we certainly can not find fault with DPW's May 14, 1992 motion to dismiss or in the alternative for a more specific appeal. What was unreasonable, was Greensburg's failure to either respond to DPW's motion to dismiss or to request an extension.

Similarly, Greensburg's failure to respond to OHA's June 2, 1992 rule to show cause why its appeal should not be dismissed was also unreasonable. The Rules of Administrative procedure are not mere suggestions, and compliance with them is necessary for the orderly administration of state government. While we acknowledge that it is unfortunate that Greensburg is denied a hearing on the merits of its claim, we can not ignore Greensburg's various failures to respond to DPW's motion and rule.

■ Subsequent to Greensburg's first appeal dismissal, DPW twice granted reconsideration to review the several reasons put forth by Greensburg's counsel explaining their failure to previously respond. Counsel explained that during an office move files were commingled and an attorney became ill, causing counsel's failure to respond.[5] Greensburg argues that because it neither willfully nor deliberately disregarded DPW regulations, it should now be allowed to amend its notice

5. Greensburg submitted medical bills on behalf of the attorney handling this case. DPW responded, noting that the attorney in question had appeared at a hearing before DPW during the time period at issue, and also that the attorney of record for Greensburg was not the one complaining of illness.

of appeal. Greensburg cites no authority for this proposition and upon our review, we can see no error on behalf of DPW which would allow us to alter DPW's decision. Repeated failures to file prehearing memorandum will justify the dismissal of a petitioner's appeal of an agency action. *Goetz v. Department of Environmental Resources,* 149 Pa.Commonwealth Ct. 230, 613 A.2d 65 (1992), *petition for allowance of appeal denied,* 533 Pa. 663, 625 A.2d 1196 (1993).

Greensburg's final argument requests this Court to use its equitable powers to intervene and require DPW to grant Greensburg leave to amend its notice of appeal. We see no reason to reward Greensburg for its continued noncompliance with DPW regulations. To the contrary, we have held that "[s]trict compliance with the requirements of statute and of the regulations duly promulgated in accordance therewith is mandatory; substantial compliance is insufficient." *State College Manor, Ltd. v. Department of Public Welfare,* 92 Pa.Commonwealth Ct. 89, 95, 498 A.2d 996, 999 (1985).

In this case, DPW was presented with a notice of appeal it found too vague. Greensburg was twice notified of this problem and failed to correct or respond to the same.

Accordingly, the order of DPW is affirmed.

## *ORDER*

NOW, October 29, 1993, the order of the Department of Public Welfare in the above case is affirmed.

KELLEY, J., did not participate in this case.