SNYDER MEMORIAL HEALTH
CENTER, Petitioner

v.

DEPARTMENT OF PUBLIC
WELFARE, Respondent.

Commonwealth Court of Pennsylvania.

Argued April 4, 2006.
Decided May 9, 2006.

Charles O. Barto, Jr., Harrisburg, for petitioner.

Jason W. Manne, Sr. Asst. Counsel, Pittsburgh, for respondent.

BEFORE: SMITH–RIBNER, Judge, PELLEGRINI, Judge, and SIMPSON, Judge.

OPINION BY Judge PELLEGRINI.

Snyder Memorial Health Center (Provider) appeals from an order of the Bureau of Hearings and Appeals (Bureau) granting the Department of Public Welfare's (Department) motion to dismiss and overruling (1) Provider's motion to dismiss the Department's motion to dismiss and (2) Provider's motion for leave to amend position paper by addition of signed expert opinion because its position paper was in material non-compliance with the requirements of the Department's medical assistance (MA) provider standing practice order (SPO).[1]

Provider is a long-term care facility that participates in the MA program. As required by the Department, Provider submitted a cost report for the fiscal year ending December 31, 2001.[2] The Department audited that report and disallowed certain costs. Provider disagreed with the Department's findings and filed an appeal to the Bureau. The Bureau sent Provider an appeal acknowledgment letter specifically noting that it had to follow the requirements of the SPO.[3] Under SPO Rule 35(c)(1)(i),[4] Provider had to file a position paper and the required documentation within 60 days of the close of discovery. Because the Bureau issued its standard pre-hearing order on December 22, 2003, Provider's position paper and required documentation were due on June 20, 2004. However, Provider neither filed its position paper and required documentation nor requested an extension of time to file.

 On September 2, 2004, the Department filed a praecipe to dismiss Provider's appeal pursuant to SPO Rule 35(c)(1)(i). Instead of dismissing the appeal, the Bureau issued an order on September 10, 2004, requiring Provider to file a position paper and the required documentation within 15 days. The Provider then filed a position paper that listed documents it in-

---

1. Pursuant to 67 Pa.C.S. § 1102(g), the Department issued an SPO that established rules governing MA provider appeals before the Bureau.

2. 55 Pa.Code § 1187.71(a) provides:

 A nursing facility shall report costs to the MA Program by filing an acceptable MA–11 with the Department.

3. The SPO requires a comprehensive position paper that was patterned on a similar Medicare rule that applies in appeals before the Medicare Provider Reimbursement Review Board (PRRB). The importance of the position paper was set forth in the preamble to the SPO that was published at 33 Pa. B. 3062:

 As in the Medicare process, this Order requires a provider to articulate the basis for its appeal and gives the program office a fixed period of time to evaluate the merits of the provider's position and state whether and why they disagree with the provider's

 position on each issue in dispute. By compelling the parties to detail and assess each other's respective positions, the Order encourages prompt settlement in provider appeals. When settlements are not possible, it enables all parties and the Bureau to focus their efforts at hearing on the matters that are truly in dispute. Moreover, like the PRRB rules, the Order requires that providers prosecute their appeals in a regular and timely fashion.

4. SPO Rule 35(c)(1)(i) provides:

 The provider shall file its position paper and required documentation with the Bureau and serve it on the program office within 60 days of the close of discovery or such other date as may be specified in the Bureau's prehearing order. If the provider fails to meet the position paper due date or fails to supply the Bureau with the required documentation, the Bureau will dismiss the provider's appeal.

tended to use as exhibits [5] and identified three experts as witnesses,[6] but did not include copies of the listed documents or statements of expert opinion as required by SPO Rule 35(c)(3)(i) and (iii).[7] The Department again moved to dismiss Provider's appeal for failure to file a compliant position paper. Provider moved to dismiss the Department's motion and filed a motion for leave to amend position paper by addition of signed expert opinion. It attached one signed statement of expert opinion to its motion, but neither mentioned nor provided copies of the documents it intended to use as exhibits. Because Provider did not provide statements of expert opinion nor attach the specific documents on which it was going to rely,

the Bureau determined that Provider's position paper was in material non-compliance with the requirements of the SPO and granted the Department's motion to dismiss. This appeal followed.[8]

The rules of administrative procedure are not mere suggestions, and compliance with them is necessary for the orderly administration of state government. *Greensburg Nursing and Convalescent Center v. Department of Public Welfare*, 159 Pa.Cmwlth. 391, 633 A.2d 249 (1993). Moreover, we have recognized the inherent power of administrative agencies to control their own dockets through the dismissal of appeals where the parties have failed to comply with a rule or order.

5. For each person identified in 1.a., any documents or information relied upon or reviewed by the person in connection with the appeal.
> Cost reporting regulations, guidelines and known statements of policy developed and issued by the Bureau. GAAP. Generally Accepted Auditing Standards. Prior submitted and audited cost reports for Snyder Memorial and other facilities represented by David A. Smith, C.P.A., Nancy J. Nale and David L. Pugh, C.P.A. Financial Statements and records, Facility statistics, State and federal reimbursement regulations, and Accounting pronouncements such as the Health Care Audit Guide and GAAP.
> (Brief of Respondent at Attachment "A.")

6. The three expert witnesses were employed at David A. Smith, C.P.A. and acted as outside consultants to Provider for over 20 years. As chief auditors, they were to review all of Provider's financial information and to file its financial statements and audits with the Department.

7. SPO Rule 35(c)(3)(i) provides, in pertinent part:
> [T]he provider shall provide for each issue ... a copy of every document that the provider will offer into evidence to support its position with respect to the issue.
> Furthermore, SPO Rule 35(c)(3)(iii) provides:
> For each issue, a party's position paper shall include a section that addresses the party's reliance upon an expert. The party

shall state whether its position depends, in whole or in part, upon the judgment, opinion, or testimony of a person who, if called to testify, would be called as an expert. Where a party's position depends, at least in part, upon the judgment, opinion, or testimony of such a person, the party's position paper shall include a "statement of expert opinion." Consistent with the requirements of Pa. R.C.P. No. 4003.5 (relating to discovery of expert testimony, trial preparation material), and unless the Bureau orders to the contrary, each such statement shall: (A) identify the expert by name and address; (B) state the subject matter on which the expert is expected to testify; (C) identify the substance of the facts and opinions to which the expert is expected to testify; (D) summarize the grounds for each opinion to which the expert is expected to testify; and (E) be signed by the expert.

8. Our scope of review of a decision by the Department is limited to a determination of whether the adjudication was made in accordance with the law, whether any constitutional rights were violated, and whether the findings of fact upon which the decision is made are supported by substantial evidence of record. *Sycamore Manor Health Center v. Department of Public Welfare*, 663 A.2d 820 (Pa. Cmwlth.1995).

*Barr Street Corporation v. Department of Public Welfare*, 881 A.2d 1278 (Pa.Cmwlth. 2005). Here, the Department's SPO Rule 35(c)(1)(i) provides that "[i]f the provider fails to meet the position paper due date or fails to supply the Bureau with the required documentation, the Bureau will dismiss the provider's appeal." Pursuant to SPO Rule 35(c)(4), the only basis by which the Bureau could allow an amendment to the position paper was if the party established "good cause." [9]

■ Provider initially contends that it was not in violation of SPO Rule 35(c)(3)(i) because the documents listed as exhibits to its position paper were in the Department's possession and too voluminous to attach. It argues that those documents that the Department required Provider to attach to its position paper were the same documents that the Department already possessed and relied on in the preparation of its audit. Though not applicable to administrative agencies, applying the principle set forth in Pa. R.C.P. No. 4011(b), Provider argues that for it to comply with the Department's requirement would be overly burdensome and costly to again compile voluminous documents when they are presently in the Department's possession.[10] While we would tend to agree that it would be for just cause if that were true, Provider provided no support for this assertion. Moreover, we would have been more sympathetic to Provider's argument if it had identified those documents with such specificity that the Department could have identified upon which they were relying for support, together with the actual

pages of those documents that they intended to introduce into the record. Because the Provider failed to attach the documents to its position paper or identify them in any way, the Bureau did not err in finding that Provider did not comply with SPO Rule 35(c)(3)(i).

■ Provider also contends that the Bureau erred by denying its motion for leave to amend position paper under SPO Rule 35(c)(3)(iii) because it established just cause to allow the amendment. In its brief, the Department did not address this argument and at oral argument stated that it no longer relied on that defect as a basis for dismissing Provider's challenge to its audit. The Bureau, however, used this as one of the reasons to justify its dismissal of Provider's challenge. While SPO Rule 35(c)(1)(i) provides that when a Provider fails to meet the position paper due date or fails to supply the Bureau with the required documentation, "the Bureau will dismiss the provider's appeal," in this case, the Bureau must have or believed it had some discretion not to dismiss the challenge. When Provider initially did not file its position paper on time, the Bureau, in its September 10, 2004 order, did not grant the Department's request to dismiss the challenge; instead, it gave Provider 15 days to file its position paper.

Accordingly, because the Bureau dismissed Provider's challenge in part due to its failure to attach the required expert reports to the position paper, which the Department no longer is alleging was a

---

**9.** SPO Rule 35(c)(4) provides:

The Bureau may permit a party to amend a position paper upon motion of the party and for good cause shown except that no amendment to a position paper shall be permitted within 30 days of the commencement of the hearing in the provider appeal.

**10.** Pa. R.C.P. No. 4011(b) provides:

No discovery or deposition shall be permitted which

\* \* \*

(b) would cause unreasonable annoyance, embarrassment, oppression, burden or expense to the deponent or any person or party . . .

reason to dismiss the challenge, we vacate the Bureau's order and remand the matter to the Bureau to reconsider whether the dismissal of Provider's challenge was required based solely on its failure to attach the required documentation to its position paper.

## ORDER

AND NOW, this *9th* day of *May*, 2006, the order of the Bureau of Hearings and Appeals, dated July 13, 2005, is vacated, and the matter is remanded to the Bureau to reconsider whether the dismissal of Provider's challenge was required based solely on Provider's failure to attach the required documentation to its position paper.

Jurisdiction relinquished.