IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Frank Nellom,                             :
          Petitioner                     :
                                        :
          v.                             :   No. 1519 C.D. 2022
                                        :   Submitted: February 6, 2024
Department of Human Services,              :
          Respondent                     :

BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE LORI A. DUMAS, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                        FILED:  March 5, 2024

        Frank Nellom (Nellom), *pro se*, has petitioned this Court to review an adjudication of the Department of Human Services (DHS), Bureau of Hearings and Appeals (BHA), which dismissed Nellom's appeal.  Nellom challenges, *inter alia*, BHA's reasoning that because he hung up the phone, he abandoned the appeal.  We affirm.

## I. BACKGROUND[1]

        Briefly, DHS notified Nellom that he was ineligible for certain services.  Op. at 2.  Nellom appealed to BHA, which scheduled a telephonic hearing.[2]  *Id.*

---

[1] Unless stated otherwise, we adopt this background from BHA's adjudication.  BHA's Adjudication (Op.), 10/25/22, at 1-2.  Generally, we review the record in the light most favorable to the prevailing party and give that party the benefit of all logical and reasonable inferences.  *E.M. v. Dep't of Hum. Servs.*, 191 A.3d 44, 52 (Pa. Cmwlth. 2018).  We also construe *pro se* pleadings liberally.  *Hill v. Pa. Dep't of Corr.*, 271 A.3d 569, 578 (Pa. Cmwlth. 2022) (cleaned up).

[2] Although not relevant to our disposition, BHA had initially dismissed Nellom's appeal because he "failed to pursue the appeal."  Adjudication, 5/19/22.  Nellom successfully petitioned for reconsideration, and the Secretary of Human Services remanded for a hearing by BHA.  Order of Remand, 7/14/22.

Prior to the start of the hearing, the administrative law judge conferenced in the participants, including Nellom and Shannon Kein, a representative of the Independent Enrollment Broker. Notes of Testimony (N.T.) Hr'g, 8/15/22, at 2.

The judge asked Kein if she wanted a pre-hearing conference before the hearing formally commenced. *Id.* at 14. A pre-hearing conference permits the parties to "discuss the case. See if there are any updates or changes, see if it can be resolved and . . . if not," Nellom could move forward with his appeal. *Id.* Kein stated she would like a pre-hearing conference, and in response, Kein and Nellom began their discussion. *Id.* at 14-17. Mid-discussion, Nellom questioned Kein, who attempted to respond but Nellom interrupted her answer. *Id.* at 17. The judge repeatedly interceded, asking Nellom to let Kein respond fully. *Id.* at 17-18.

After a further exchange, the judge asked Nellom if he wanted to have a hearing. *Id.* at 21. Nellom did not directly answer. *Id.* The judge requested Nellom to stop interrupting Kein, but Nellom "became agitated and hung up the telephone." Op. at 2; N.T. Hr'g at 22.[3] The judge attempted to call back Nellom, but the call

---

[3] We quote the relevant exchange:

Judge: Mr. Nellom. Mr. Nellom. You're repeatedly interrupting Ms. Kein, which is not only disrespectful, but we cannot conduct a hearing here today if you are constantly going to interrupt everyone. You'll have your opportunity to speak, but you need to give others their opportunity to speak, as well.
Mr. Nellom: All right. Can I - if I find out she's saying something that I think is wrong and I'm objecting to because you see - let me - just understand me position.
Judge: Sir. Sir. Sir. This is just a Pre-Hearing Conference -
Mr. Nellom: I tell you what you make up your mind - you aren't going to keep me on this phone with this nonsense. Tell you what. You write it out. You do what you want, and we can appeal it. Let's go to the next court – I'm not playing with you about this hearing. If the policy says something, I'm entitled to it. All this new stuff -
Judge: Okay.
Mr. Nellom: - that you all are bringing into play. It's not going to happen.
Judge: All right. So -
Mr. Nellom: Write it out. Let's argue it. I'm not going to have a hearing. Write it

2

went to voicemail. N.T. Hr'g at 24-25. The judge noted that the hearing "never started" as Nellom hung up during the pre-hearing conference. *Id.* at 25.

The judge dismissed Nellom's appeal, and BHA affirmed. Order, 9/27/22; Final Admin. Action Order, 10/25/22. In support, BHA noted that Nellom "became agitated and hung up the telephone during a pre-hearing conference." Op. at 2. BHA thus concluded that Nellom had abandoned the hearing. *Id.* (citing 55 Pa. Code § 275.4(e)(6)(iii)). Nellom timely appealed to this Court.[4]

## II. ISSUES

Nellom raises four issues in his statement of questions involved, which we group as follows. Nellom's Br. at 4. Nellom claims that he was denied due process because his appeal was dismissed.[5] *Id.* He also alleges that DHS violated his right to certain benefits and violated federal law. *Id.*

## III. DISCUSSION[6]

In support of his initial issue, Nellom presents no argument. *See id.* at 9-11. Nevertheless, we note that his statement of facts quotes from BHA's order that he abandoned his appeal and then states that the "[f]acts establish" some sort of

---

out. Whatever your decision is, write that shit out, man. I don't have time for this shit.
Judge: Sir? Are you still there, sir? Mr. Nellom, are you still there? All right. It appears he hung up. . . .

N.T. Hr'g at 22-23.

[4] Nellom filed a pleading in this Court that we construed as an appropriate petition for review.

[5] We quote Nellom's issue: "Does [DHS's] reason for denial: 'Because [Nellom] hung up the telephone, [Nellom] abandoned the hearing pursuant to 55 Pa. Code 275.4(e)(iii). Therefore, [Nellom's] appeal is dismissed.' Demonstrate disingenuous by the testimony of [Nellom], and Ms. Kein about policy. Denied due process of being considered?" Nellom's Br. at 4.

[6] Generally, we review a BHA decision to determine whether it is supported by substantial evidence, complies with the law, or violates constitutional rights. *Greensburg Nursing & Convalescent Ctr. v. Dep't of Pub. Welfare*, 633 A.2d 249, 250 n.1 (Pa. Cmwlth. 1993) (*Greensburg*).

3

disingenuousness.  *Id.* at 8.[7]

Initially, "*pro se* status confers no special benefit upon the" petitioner. *Wilkins v. Marsico*, 903 A.2d 1281, 1284-85 (Pa. Super. 2006) (citation omitted).[8] Although we give a *pro se* litigant leeway, this Court is "neither obliged, nor even particularly equipped, to develop an argument for a party.  To do so places the Court in the conflicting roles of advocate and neutral arbiter."  *Martinez v. City of Reading Police Dep't*, 289 A.3d 1136, 1139 n.13 (Pa. Cmwlth. 2023).  Indeed, "any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing."  *Wilkins*, 903 A.2d at 1285 (citation omitted).  For example, when "issues are raised in the statement of questions involved, but not addressed in the argument section of the brief, courts" may find waiver.  *In re Condemnation ex rel. Dep't of Transp.*, 76 A.3d 101, 106 n.8 (Pa. Cmwlth. 2013); *Mariner Chestnut Partners, L.P. v. Lenfest*, 152 A.3d 265, 277 (Pa. Super. 2016).

In any event, 55 Pa. Code § 275.4(e)(6)(iii) provides when an appeal is "considered abandoned."  55 Pa. Code § 275.4(e)(6)(iii).  "If the appellant . . . fails to appear at the scheduled hearing without good cause as determined by the hearing officer, the appeal will be considered to be abandoned and will be dismissed."  *Id.* §

---

[7] Because of our disposition, we need not summarize his other arguments, which are somewhat opaque.  For example, he argues "administrative *res judicata*" based upon an October 2017 order entered by an administrative law judge for the Social Security Administration.  Nellom's Br. at 10-11.  He did not explain the relevance to the instant DHS case.  *See generally Nellom v. Kijakazi*, No. 23-cv-01268-RAL (E.D. Pa. filed Nov. 13, 2023), 2023 WL 7544996.

DHS counters the administrative law judge has discretion to supervise the hearing and presentation of the testimony.  DHS's Br. at 6-7.  DHS maintains that "regulations and due process" provided Nellom "an opportunity to present his case . . . but he chose instead to hang up during the proceeding and not answer his phone after that, thereby abandoning his appeal."  *Id.* at 8-9 (citing 55 Pa. Code § 275.4(g)); *accord id.* at 6 (citing 55 Pa. Code § 275.4(e)(6)(iii)(A)).

[8] We may cite to Superior Court or unreported opinions for their persuasive value.  *See* Pa.R.A.P 126(b)(1); 210 Pa. Code §§ 65.37, 69.414(a).

4

275.4(e)(6)(iii)(A). In an unreported case, this Court affirmed BHA's dismissal of an appeal as abandoned because the petitioner failed to "call in or participate" at the hearing. *Zied-Campbell v. Dep't of Hum. Servs.* (Pa. Cmwlth., No. 1537 C.D. 2017, Mar. 22, 2019), 2019 WL 1313224, at *1. In *Zied-Campbell*, the petitioner appealed the dismissal to this Court and primarily argued the merits. *Id.* at *1-2. The petitioner also claimed to be unaware of the telephonic hearing. *Id.* at *2. The *Zied-Campbell* Court rejected that argument because the record reflected proper notice. *Id.* Thus, the Court held that BHA properly dismissed the appeal due to the petitioner's abandonment. *Id.* Because the petitioner had abandoned the appeal, the Court did not address the petitioner's merits arguments. *See id.*

Instantly, although Nellom raised the issue of the abandonment of his appeal, he failed to argue the issue in his brief. On that basis alone, we could find waiver. *See, e.g.*, *Lenfest*, 152 A.3d at 277. But even if we relied on the other portions of Nellom's brief, *i.e.*, his issue and statement of facts, he simply did not address 55 Pa. Code 275.4(e)(6)(iii). Nevertheless, we observe this case is somewhat analogous to *Zied-Campbell*. Initially, unlike *Zied-Campbell*, notice of the telephone conference is not at issue because Nellom participated in a telephonic pre-hearing conference. *Cf. Zied-Campbell*, 2019 WL 1313224, at *2. Nellom, however, hung up the phone, did not answer the judge's callback, and did not otherwise attempt to reinitiate the call. *See* N.T. Hr'g at 22-25. On this record, we discern no due process violation because Nellom was, in fact, participating in the call. *Cf. Zied-Campbell*, 2019 WL 1313224, at *2. Somewhat like the petitioner in *Zied-Campbell*, Nellom did not excuse his subsequent absence from the actual hearing. *Cf. id.* Finally, like the *Zied-Campbell* Court, because Nellom abandoned his BHA appeal, we need not address his remaining issues. *Cf. id.*

## IV. CONCLUSION

For these reasons, we affirm BHA's October 25, 2022 order. *See Greensburg*, 633 A.2d at 250 n.1. Nellom waived his challenge to BHA's disposition of his appeal. Regardless, Nellom failed to establish a due process violation. Because of our disposition, we need not address Nellom's remaining issues. *See Zied-Campbell*, 2019 WL 1313224, at *2.

LORI A. DUMAS, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Frank Nellom,
        Petitioner

        v.        :  No. 1519 C.D. 2022

Department of Human Services,
        Respondent

# **O R D E R**

AND NOW, this 5th day of March, 2024, we AFFIRM the October 25, 2022 order entered in favor of the Department of Human Services and adverse to Frank Nellom.

_____
LORI A. DUMAS, Judge