516 A.2d 333

Irwin L. EISENBERG, D.O., Appellee,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF PUBLIC WELFARE, Appellant.

Supreme Court of Pennsylvania.

Argued June 3, 1986.

Decided Oct. 16, 1986.

182

Bruce G. Baron, Harrisburg, for appellant.

Gilbert B. Abramson, Michael B. Tolcott, Philadelphia, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

HUTCHINSON, Justice.

The Department of Public Welfare ("Department") appeals by allowance a Commonwealth Court order remanding this disciplinary proceeding against appellee Eisenberg to allow him to present evidence on his behalf. The Department terminated appellee's current contractual right to participate in its program of providing Medicaid benefits

and declared him ineligible to reapply for prefered provider status for five years on the basis of his *nolo contendere* plea in federal court to mail fraud charges relating to his participation in the Medicaid program.[1] The Department considered this a "conviction" warranting suspension under its regulation [2] without need for further evidence.

In remanding, Commonwealth Court held that the *nolo contendere* plea was not an admission of guilt and therefore the Department was required to hold evidentiary hearings before imposing its penalties. We hold that imposition of the federal court's sentence on the *nolo contendere* plea constitutes a "conviction" under the applicable regulation. However, we believe Commonwealth Court was correct in holding that this case must be remanded to the Department because the version of the Department's regulation applicable to this case does not provide for automatic imposition of penalty on conviction. Therefore, petitioner is entitled to a hearing and opportunity to present evidence on what penalty is appropriate to his conviction before the Department exercises its discretion in imposing a penalty. Thus, we affirm the order of Commonwealth Court as modified.

1. Although the Department formerly characterized such action as a suspension, it was in effect a termination of the current provider agreement coupled with an order precluding reapplication. In 1983, the Department changed its terminology to termination to reflect this. 13 Pa.Bull. 3655. Appellee was also prohibited from participating in the Medicaid program for three years for improper recordkeeping and billing practices, and for five years because the federal Department of Health and Human Services suspended him from Medicare. The three-year prohibition began on October 30, 1980. It was not contested in the Commonwealth Court proceedings and is therefore not before us. The five-year state prohibition based on the federal suspension was not part of this proceeding below. That period began on July 12, 1984. By its terms, appellee cannot participate in Medicaid until the federal authorities reinstate him in the Medicare program and in no event before February 18, 1987, when the prohibition based on the conviction expires. The separate appeal from that order, docketed in Commonwealth Court at No. 2899 C.D. 1984, has been discontinued. Thus, the only issue on this record is the five-year penalty based on appellee's plea to the mail fraud charges. This period continues until February 18, 1987.

2. Appellee was charged under 55 Pa.Code § 1101.81(b)(3)–(4). In 1983, these subsections were amended without substantial change and are now found at 55 Pa.Code § 1101.77(a)(6)–(7).

On September 30, 1980, the Department informed appellee that he was banned from the Medicaid preferred provider program for three years because of improper recordkeeping and billing practices.[3] The Department conducted a peer review and held hearings in this matter. Before the hearing examiner issued his findings, appellee was charged in federal court with mail fraud[4] and other related charges in connection with the Medicaid program. On February 3, 1982, appellee entered what is called an *Alford* plea. Under that plea, named for *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), a defendant pleads *nolo contendere* while still contesting the underlying facts. The court then enters a judgment of conviction on the plea.

After the Department learned of the federal proceeding, it attempted to reopen the hearings to introduce the *Alford* plea as evidence. It asked for further penalties based on the conviction itself, not the underlying facts, and moved for summary judgment on that point. The examiner, noting that there was no summary judgment procedure in administrative procedures on license suspension, treated the motion as an amendment to the original charge against appellee. No further hearings were held. The examiner recommended sanctions per the Department's motion, and the Secretary of Public Welfare declared appellee ineligible for five years from the date appellee entered his plea.

Appellee filed a petition for review with Commonwealth Court.[5] The court vacated the five-year prohibition based on the mail fraud charges. It held that appellee's due

3. In a prior decision in this matter, we held that the Department was able to impose this penalty without first holding hearings. *Commonwealth, Department of Public Welfare v. Eisenberg*, 499 Pa. 530, 454 A.2d 513 (1982).

4. 18 U.S.C. § 1341.

5. Even though the Department's order terminated a contract, this case was properly filed in Commonwealth Court. The Board of Claims would have no jurisdiction because no damages were sought and the order's effect extended beyond the contract period, preventing appellee from applying for a new contract. *See* Act of October 5, 1978, P.L. 1104, No. 260, § 3, 72 P.S. § 4651–4; *Ezy Parks v. Larson*, 499 Pa. 615, 454 A.2d 928 (1982).

process rights were violated by not conducting any hearings on the charge. The Department was granted leave to appeal by this Court.

The effect of a *nolo contendere* plea in Pennsylvania is concisely discussed in the leading case of *Commonwealth v. Ferguson*, 44 Pa.Superior Ct. 626 (1910):

> A plea of *nolo contendere*, when accepted by the court, is, in its effect upon the case, equivalent to a plea of guilty. It is an implied confession of guilt only, and cannot be used against the defendant as an admission in any civil suit for the same act. The judgment of conviction follows upon such plea as well as upon a plea of guilty.

44 Pa.Superior Ct. at 628. *See also Buck v. Commonwealth*, 107 Pa. 486 (1885); *Commonwealth ex rel. Warner v. Warner*, 156 Pa.Superior Ct. 465, 40 A.2d 886 (1945); *Ferguson v. Reinhart*, 125 Pa.Superior Ct. 154, 190 A. 153 (1937); *Teslovich v. Fireman's Fund Insurance Co.*, 110 Pa.Superior Ct. 245, 168 A. 354 (1933).

In 1970, the United States Supreme Court, in *North Carolina v. Alford, supra*, held that the courts could impose criminal penalties where a defendant pleading *nolo contendere* specifically denied guilt of the underlying facts. Appellee expressly took advantage of this procedure in entering his plea to the mail fraud charges in federal courts. The *Alford* procedure is substantially similar to the practice in Pennsylvania on *nolo contendere* pleas. *See Commonwealth v. Shaffer*, 498 Pa. 342, 446 A.2d 591 (1982); *Commonwealth v. Jackson*, 450 Pa. 417, 299 A.2d 209 (1973); *Commonwealth v. Sampson*, 445 Pa. 558, 285 A.2d 480 (1971); *Commonwealth v. Cottrell*, 433 Pa. 177, 249 A.2d 294 (1969).

■ Appellee contests the Department's five-year prohibition, arguing it was improperly imposed solely on evidence of his *Alford* plea. He argues that under our law the plea cannot be used in this administrative proceeding, which he

says is equivalent to a civil proceeding.[6]  This argument was presented and rejected in Commonwealth Court in *State Dental Council and Examining Board v. Friedman,* 27 Pa.Commonwealth Ct. 546, 367 A.2d 363 (1976). There, Commonwealth Court stated:

> [W]e are not here dealing with a civil suit to enforce individual rights.  Rather, we are dealing with an administrative agency of the sovereign which seeks to carry out its duty to protect the citizens of the Commonwealth by regulating the conduct of its licensees.  It is the interests of many rather than the interest of few which impels the Board.

*Id.* at 550, 367 A.2d at 366.  Because the same concerns are obviously present in the instant proceeding, Commonwealth Court's holding squarely conflicts with its rationale in *Friedman.*  *Friedman* involved suspension of a dental license for mail fraud relating to false invoices prepared for insurance reimbursement.  Here, while the professional license itself is not an issue, the ability to participate in Medicaid is challenged on the same grounds.  However, the Department here does not attempt to use the plea as a judicial admission of the fact of fraud.  Rather, the conviction entered upon the plea itself is the operative fact which authorizes suspension.  This evidence of the conviction itself is not affected by the procedure leading up to the plea, and it is admissible in this administrative proceeding.  Thus, Commonwealth Court properly held that the *Alford* plea could be used in the instant proceeding.

■ However, the question remains as to how the *Alford* plea is to be used in this proceeding.  The Department urges that the evidence of the plea is conclusive and therefore no rebuttal evidence should be permitted.  Appellee asks that he be allowed to introduce evidence to show his innocence.  In order to decide which view is appropriate, we

6. A *nolo* plea to a criminal charge is not evidence of either its underlying or ultimate facts in a later civil action.  *Ferguson, supra.* It follows as a corollary that in a civil action based on the same act or transaction, the pleader is not precluded from denying or contesting the facts of the transaction by his *nolo* plea.

must look carefully at the regulation authorizing penalties. Appellee was charged under 55 Pa.Code § 1011.81(b)(3)–(4). At that time, those sections read:

(b) *Termination of provider agreement.* [T]he Department may terminate its agreement with a provider . . . if it has evidence that the provider . . .

. . . .

(3) Has been convicted of a Medicaid related criminal offense as certified by a Federal, State, or local court.

(4) Has been convicted of a criminal offense under State or Federal laws relating to the practice of his profession as certified by the court.[7]

Both the Department and appellee agree that the crime involved related to the Medicaid program. Thus, the only concern is whether the entry of the *Alford* plea constitutes a "conviction" under this regulation.

One of the leading federal cases on this subject is *Sokoloff v. Saxbe*, 501 F.2d 571 (2d Cir.1974). In that case, a doctor contested the termination of his license to dispense narcotics. The Controlled Substance Act provided that the license may be revoked where the party "has been convicted of a felony" relating to controlled substances. 21 U.S.C. § 824(a)(2). The court held:

Section 824(a)(2) requires for revocation a finding that the registrant has been *convicted* of a drug-related felony. To establish this, the Administrator properly relied not upon any admission implied by the [*nolo contendere*] plea but upon the uncontested fact of petitioner's conviction. . . . Where, as here, a statute (or judicial rule) attaches legal consequences to the fact of a conviction, the majority of courts have held that there is no valid distinction between a conviction upon a plea of *nolo contendere* and a conviction after a guilty plea or trial.

7. As mentioned previously, *see supra* n. 2, these sections have been amended without substantial change and can be found at 55 Pa.Code § 1101.77(a)(6)–(7).

501 F.2d at 574 (emphasis in original). The regulation in the instant case is similar to the statute in *Sokoloff*.[8] The Department's regulation states penalties may be imposed where the provider "has been convicted ... as certified by a ... Court." Under our law, a judgment of conviction is entered on a *nolo contendere* plea. *See Ferguson, supra.* The language of our regulation is consonant with the reasoning in *Sokoloff.* The regulation's reference to the certification by a court clearly implies that the bare record fact of the judgment of sentence or conviction is to be introduced. Here, although the plea was an *Alford nolo contendere* plea, a certified copy of the judgment of sentence was included in the administrative record. Reproduced Record at 21a, 25a. This is all the proof of conviction required by the regulation,[9] and it is conclusive for the reasons set out in *Sokoloff, supra.* Thus, appellee's contention that he should be able to introduce evidence of his innocence is rejected by the plain meaning of the language in the Department's regulation.

■ Although the *Alford* plea is sufficient to establish a violation of the Department's regulation, the Department erred by not holding a hearing in this matter. The applicable regulation, quoted at 336, states that the Department *may* impose penalties for conviction. In a case involving suspension of a lottery sales license, *Young J. Lee v. Commonwealth, Department of Revenue,* 504 Pa. 367, 474 A.2d 266 (1983), we noted that similar language did not require suspension or revocation on proof of conviction:

8. *See also Noell v. Bensinger,* 586 F.2d 554 (5th Cir.1978); *Qureshi v. Immigration and Naturalization Service,* 519 F.2d 1174 (5th Cir.1975); *Ruis-Rubio v. Immigration and Naturalization Service,* 380 F.2d 29 (9th Cir.), *cert. denied,* 389 U.S. 944, 88 S.Ct. 302, 19 L.Ed.2d 302 (1967); *Lee v. Wisconsin State Board of Dental Examiners,* 29 Wis.2d 330, 139 N.W.2d 61 (1966).

9. In *Friedman, supra,* Commonwealth Court required additional proof beyond the *nolo contendere* plea. The regulation involved in that case, however, required proof of guilt. Because the *nolo contendere* plea did not admit guilt, that court required more proof. *See also North Carolina State Bar v. Hall,* 293 N.C. 539, 238 S.E.2d 521 (1977).

It is significant to note that the State Lottery Law [Act of August 26, 1971, P.L. 351, No. 91, 72 P.S. §§ 3761-1 to 3761-15] does not mandate revocation of appellee's license. Rather, the Secretary of Revenue "may suspend or revoke a license ... if it shall find the applicant or licensee (1) has been convicted of a crime involving moral turpitude...."

504 Pa. at 377 n. 5, 474 A.2d at 271 n. 5. The Department regulation applicable at the time of appellee's proceedings contains similar language and must be given a similar construction.[10] Such language requires the exercise of departmental discretion. The exercise of discretion without a hearing or record permits at least uninformed bureaucratic action and risks unreasonable arbitrary action. Indeed, our previous decision in this case, allowing pre-hearing penalty, was explicitly based on the availability of full hearings before a final determination of the penalty. *See Eisenberg, supra; see also Commonwealth v. Forbes Health System,* 492 Pa. 77, 422 A.2d 480 (1980) (entitlement to Medicaid reimbursement); *Matthews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) (termination of disability benefits).

Therefore, the Department acted improperly by imposing the five-year prohibition without giving appellee an opportunity to present evidence on the appropriateness of the penalty for his conviction in federal court.[11] The language

**10.** In 1983, the Department sustantially changed its regulation on this point. The current regulation provides:

(b) *Departmental termination of the provider's enrollment and participation.*

....

(3) Termination for criminal conviction or disciplinary action shall be as follows:

(i) The Department shall terminate a provider's enrollment and participation for 5 years if the provider is convicted of ... a Medicare/Medicaid related crime....

55 Pa.Code § 1101.77(b)(3). Thus, the current regulations provide no discretion as to penalty.

**11.** In his brief, appellee argues that, given the opportunity, he would have argued against a five-year prohibition based on his assertion of innocence in federal court, his record of community service, the loss

of the regulation applicable in this case precludes imposition of penalties without a hearing. Thus, we must remand this matter to the Department for a proper determination of the penalty imposable on appellee.

The order of Commonwealth Court is affirmed as modified by this opinion.

McDERMOTT, J., files a concurring opinion.

## JUDGMENT

ON CONSIDERATION WHEREOF, it is hereby ordered and adjudged by this Court that the Order of the Commonwealth Court is affirmed as modified by this Opinion.

## CONCURRING OPINION

McDERMOTT, Justice.

The advantage of a plea of *nolo contendere* is that a defendant may contest his guilt to all others except the court before which he pleads. There he suffers conviction, a conviction like all others, to which all appropriate sanctions may be imposed. In the instant case had the regulation[1] provided that a conviction alone was ground for revocation, a conviction under the plea would be sufficient. The regulation however is "may" and not "shall". Hence, I reluctantly agree that he is entitled to be heard.

to the community occasioned by the Department's action, the existence of other penalties already imposed for the same activity, the minimal level of damages, and the lack of allegations of improper medical care. Appellee's Brief at 7. While not ruling on what evidence will be admissible at the later hearing in this case, appellee has alleged grounds which, if true, might well persuade the Department to impose a lesser penalty.

1. 55 Pa.Code § 1011.81(b)(3)–(4).