## Commonwealth v. Alles

C.P. of Chester County, no. 99-08418.

*Michelle Fioravanti,* for Commonwealth.
*Dawson R. Muth,* for defendant.

MELODY JR., *J.,* February 15, 2000—We have before us a "license suspension appeal." After hearing and oral argument, we make the following determinations:

The petitioner sets forth, in his petition, under paragraph 4, the reasons why his appeal should be sustained. The petitioner sets forth reasons (a) through (g) as the reasons. However, at the time of the hearing, the petitioner's counsel advised the court that the petitioner was only going forward with two reasons: (d) and (g).

(1) Paragraph (d) provides as follows:

"The Pennsylvania Department of Motor Vehicles and the New Jersey Department of Motor Vehicles have not

complied with the Driver License Compact with regard to the notice of defendant's conviction by the Department of Motor Vehicles of New Jersey and the subsequent suspension of defendant's Pennsylvania operating privileges."

The Commonwealth's case was based upon Commonwealth's exhibit C-1, part of which is a certified copy of a "State of New Jersey, Division of Motor Vehicles, out-of-state driver violation report." Said exhibit sets forth that the petitioner was convicted on August 5, 1999 for "operate under influence liq/drugs."

New Jersey statute 39:4-50. Operating or allowing operation by person under influence of liquor or drugs[1] provides in part:

"(a) A person who operates a motor vehicle while under the influence of intoxicating liquor, narcotic, hallucinogenic or habit-producing drug or operates a motor vehicle with a blood alcohol concentration of 0.10 percent or more by weight of alcohol in the defendant's blood or permits another person who is under the influence of intoxicating liquor, narcotic, hallucinogenic or habit-producing drug, to operate a motor vehicle owned by him or in his custody or control or permits another to operate a motor vehicle with a blood alcohol concentration of 0.10 percent or more by weight of alcohol in the defendant's blood, shall be subject: . . . ."

The issue before us is whether 75 Pa.C.S. §1581, article III of the Driver's License Compact has been sufficiently complied with, so as to permit a judge of the court of common pleas to sustain the appellee's license suspension by the bureau.

---

1. This is the caption of the New Jersey statute.

It is obvious that under the Commonwealth's evidence C-1 and the New Jersey statute, that the appellee was allegedly convicted of one or more of the following:

"(1) A person who operates a motor vehicle while under the influence of intoxicating liquor, narcotic, hallucinogenic or habit-producing drug.

"(2) operates a motor vehicle with a blood alcohol concentration of 0.10 percent or more by weight of alcohol in the defendant's blood.

"(3) permits another person who is under the influence of intoxicating liquor, narcotic, hallucinogenic or habit-producing drug to operate a motor vehicle owned by him or in his custody or control or

"(4) permits another to operate a motor vehicle with a blood alcohol concentration of 0.10 percent or more by weight of alcohol in the defendant's blood."

The Commonwealth has not met its burden of proof. The Commonwealth has failed to provide us with sufficient evidence to enable us to determine whether the defendant was convicted of (1), (2), (3) or (4). Therefore, we have not been able to determine whether or not the New Jersey violation was "of a substantially similar nature" to our statute 75 Pa.C.S. §3731. Thus, we do not even reach the issue of "substantially similar." The Commonwealth has failed to comply with article III of 75 Pa.C.S. §1581, Driver's License Compact.

Further, with regard to 75 Pa.C.S. §1581, article III of the Driver's License Compact, the Commonwealth has not met its burden of proof since we find that the New Jersey notice is deficient in that it lacks some of the *information required by article III of the compact.* We find that the notice failed to identify the *convicting court* and failed to indicate *whether there was a plea of guilty or*

*not guilty or whether the conviction resulted from forfeiture of bail or security* as required by article III.[2]

On December 21, 1998, the Pennsylvania Legislature amended section 1584 to change the *reporting* requirements of article III. The amendment eliminated the mandated requirement for reporting states to report *all* of the information required under article III. The legislature did so by adding the following sentence:

"The omission from any report received by the department from a party state of any information required by article III of the compact shall not excuse or prevent the department from complying with its duties under articles IV and V of the compact."

On June 30, 1999, our judicial brother, the Honorable James P. MacElree II, in the case of *Commonwealth v. Harrington,* 47 Chester Cty. Rep. 142 (1999), determined that the action of the legislature through its amendment to section 1584 violates the specific requirements of article III of the compact and it violates the due process requirements of the United States and Pennsylvania constitutions. We are constrained by the decision and opinion of Judge MacElree.

(2) Paragraph (g) provides as follows:

"Appellant's conviction in the State of New Jersey contained a civil reservation which pursuant to New Jersey Rule 3:9-2 prohibits the use of the judgment of conviction in any civil case. Appellant's judgment of conviction with the civil reservation must be given full faith and credit, as is required by the Pennsylvania and United States constitutions and therefore the New Jersey judg-

---

2. Since the Commonwealth has the burden of proof, we are not permitted to use exhibit D-1 to provide us with the missing information.

ment of conviction may not be used as evidence in appellant's license suspension appeal."

Initially, we note that although the petitioner's conviction was in a municipal court of the State of New Jersey, petitioner has set forth, in his petition, that "New Jersey Rule 3:9-2 prohibits the use of the judgment of conviction in any civil case." However, the above cited rule is not a municipal court rule, but is instead, a New Jersey Superior Court rule. There is also a similar but not identical rule, which is New Jersey Municipal Court Rule 7:6-2(a)(1), which is the rule that is applicable to the case sub judice.

The petitioner's attorney argues that pursuant to the New Jersey Rule of Practice, anyone pleading guilty under that section does so making no civil admission and that subsequent civil proceedings, arising out of that guilty plea, cannot be admitted in any civil proceeding arising out of the criminal conduct of the driving while intoxicated charge. See exhibit D-1.

The attorney for the Commonwealth disagreed with regard to the civil reservation and cited the following cases: *Eisenberg v. Commonwealth, Department of Public Welfare,* 512 Pa. 181, 516 A.2d 333 (1986); *Baker v. General Motors,* 522 U.S. 222, 118 S.Ct. 657 (1998). In the *Baker* case, the Supreme Court held that a foreign state cannot determine evidentiary issues in a lawsuit by parties who are not subject to the jurisdiction of the foreign state.

Thus, the above arguments of counsel boil down to an issue, which is before us, but not specifically argued. That issue is as follows:

Whether New Jersey's civil reservation provision applies to an *administrative agency,* which has acted under statutory authority to regulate its licensees.

We determine that neither Rule 7:6-2(a)(1) of the New Jersey Municipal Court Rules of Practice nor New Jersey Superior Court Rule of Practice 3:9-2 prevent the Commonwealth of Pennsylvania, Department of Transportation, from exercising its authority pursuant to 75 Pa.C.S. §1581, which is the "Driver's License Compact."

When the department acts under section 1581, it does so in an administrative proceeding, which is not equivalent to a "civil proceeding."

"[W]e are not here dealing with a civil suit to enforce individual rights. Rather, we are dealing with an administrative agency of the sovereign, which seeks to carry out its duty to protect the citizens of the Commonwealth by regulating the conduct of its licensees. It is the interests of many rather than the interest of few which impels the board." *State Dental Council and Examining Board v. Friedman,* 27 Pa. Commw. 546, 550, 367 A.2d 363, 366 (1976).

Further, in *Eisenberg v. Commonwealth, Department of Public Welfare,* 512 Pa. 181, 186, 516 A.2d 333, 336 (1986), the Pennsylvania Supreme Court stated, "However, the department here does not attempt to use the plea as a judicial admission of the fact of fraud. Rather, the conviction entered upon the plea itself is the operative fact which authorizes suspension. This evidence of the conviction itself is not affected by the procedure leading up to the plea, and it is admissible in this administrative proceeding."

Finally, the United States Supreme Court determined that orders commanding action or inaction have been denied enforcement in a sister state when they purported to accomplish an official act within the exclusive province of that other state, or interfered with litigation, over which the ordering state had no authority. Thus, a for-

eign state decree cannot determine evidentiary issues in a lawsuit brought by parties who were not subject to the jurisdiction of the foreign state. *Baker v. General Motors Corporation,* 522 U.S. 222, 118 S.Ct. 657 (1998).

We find that Pennsylvania Department of Transportation's action suspending a licensee's driving privilege is an administrative act by an administrative agency. Further, we find that the civil reservation provision of New Jersey Municipal Court Rule 7:6-2 and exhibit D-1 do not apply to an administrative agency which has acted under statutory authority to regulate its licensees.

## ORDER

And now, February 15, 2000, upon consideration of the evidence, it is hereby ordered and decreed that the appeal of operating privilege suspension is sustained and the suspension is rescinded.