J-A27012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| VENEESA, INC., JOSEPH VENTRESCA AND KATHLEEN VENTRESCA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 3512 EDA 2018 |
| THOMAS STEVENSON, TERRI STEVENSON J. DANIEL BRETT & CO., P.C., J. DANIEL BRETT, CPA MICHAEL LOSTRACCO, CPA | : | |

Appeal from the Order Dated October 29, 2018
In the Court of Common Pleas of Bucks County Civil Division at No(s):
2007-07016

BEFORE:   BOWES, J., SHOGAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILED MAY 27, 2020**

Veneesa, Inc., ("Veneesa") and Joseph and Kathleen Ventresca (collectively, "Appellants"),[1].appeal from the October 29, 2018 order denying Appellants' post-trial motions following a jury trial against J. Daniel Brett, CPA, J. Daniel Brett & Co., P.C. (the "Firm") (collectively, the "Brett Defendants"), and Michael LoStracco, CPA, for misappropriation of funds, negligence and related claims.  After careful review, we affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Veneesa, Inc. is a construction company incorporated in Pennsylvania, which was founded by Joseph Ventresca.  **See** Trial Court Opinion, 1/18/19, at 1. Mr. Ventresca and his wife, Kathleen, are the majority shareholders.  **Id**.

The underlying civil action was the culmination of eleven years of litigation as a result of the actions of: (1) Veneesa president and minority shareholder Thomas Stevenson;[2] (2) Veneesa secretary, treasurer, comptroller, and minority shareholder Mr. LoStracco; and (3) the Brett Defendants, which employed Mr. LoStracco. The Brett Defendants, along with Mr. LoStracco, also served as accountants for Veneesa.

_____

[2] Following a September 24, 2018 pre-trial conference, Mr. Stevenson conceded his civil liability in the amount of his restitution order and was released from the case. Immediately thereafter, Mr. Stevenson's attorney was released from further representation of Mr. Stevenson prior to trial. *See* Order, 9/25/18, at ¶ 1. On October 1, 2018, the trial court issued an order memorializing this agreement, and removing Mr. Stevenson from both the caption and the verdict slip. *See* Order, 10/1/18. After that order effectively removed Mr. Stevenson from the case for the jury, the trial court denied Appellants' motion for partial summary judgment with respect to Mr. Stevenson. *See* Order, 10/2/18. Indeed, Appellants' brief acknowledges that Mr. Stevenson and the allegations regarding his conduct are of no further consequence to this matter. *See* Appellants' brief at 13 n.3 ("[Mr.] Stevenson remains in much of the discussion of issues here to give context . . . . **It is only rulings pertaining to [Mr. LoStracco] and the Brett Defendants that remain the focus of this appeal.**" (emphasis added)). Accordingly, we will limit our assessment in this appeal to those parties actually implicated by Appellants' arguments: Mr. LoStracco and the Brett Defendants. *Id*.

Mr. Stevenson's brief was filed in the style of a motion to dismiss the appeal as to Mr. Stevenson. *See* Brief in the Nature of Application to Dismiss Appeal, 9/11/2019, at 2-6 (arguing that Mr. Stevenson is not a proper party to this appeal). The relief requested in Mr. Stevenson's brief is denied without prejudice to his ability to file a proper application for relief. *See* Pa.R.A.P. 123 (stating that the proper procedure for seeking relief before the Superior Court is the filing of a separate "written application").

Terri Stevenson, Mr. Stevenson's wife, is listed as a party in this appeal as well. However, the trial court's October 1, 2018 order similarly released her from the litigation in exchange for not taking legal action against Appellants. *See* Order, 10/1/18. As such, we will not discuss her further in this writing.

These parties were named in an August 24, 2007 complaint filed by Appellants, which described an embezzlement scheme spanning years. Mr. Stevenson was alleged to have misappropriated the funds and assets of Veneesa for his own personal benefit. *See* Complaint, 8/24/07, at ¶¶ 15-22. He was joined and aided in this effort by Mr. LoStracco, who was alleged to have prepared paperwork and tax returns to obfuscate the misappropriations. *Id*. at ¶¶ 23-29. The Brett Defendants were accused of failing "to exercise reasonable care," and of not recognizing or stopping the criminal behavior of Mr. Stevenson and Mr. LoStracco. *Id*. at ¶¶ 30-33. In relevant part,

> Appellants' complaint alleged fourteen separate counts and prayers for relief. These counts levelled claims for conversion against all but the Brett Defendants; breach of fiduciary duty and fraud against Mr. LoStracco and Mr. Stevenson; negligence against Mr. LoStracco and the Brett Defendants; and unjust enrichment, civil conspiracy, and civil RICO [claims] against all Defendants. The Complaint also alleged a putative count of "Agency" against J. Daniel Brett & Co., P.C., based on an averment that the Firm was vicariously liable for the alleged tortious conduct of Mr. Brett and Mr. LoStracco.

Trial Court Opinion, 1/18/19, at 1-2 (cleaned up). Mr. LoStracco filed counterclaims alleging, *inter alia*, conversion against the Ventrescas.

Both Mr. Stevenson and Mr. LoStracco also faced criminal prosecution, which culminated in negotiated pleas entered on March 4, 2013. Mr. Stevenson pled guilty to conspiracy to receive stolen property and theft by unlawful taking, and agreed to pay $516,696.32 in restitution. Mr. LoStracco pled *nolo contendere* to conspiracy to commit theft by deception and theft by failure to make a required disposition of funds, and agreed to pay $152,000

- 3 -

in restitution. Both pleas "specified that restitution would be modified to conform to the outcome of the civil litigation." *Id*.

During the extensive motions practice among the parties, Appellants sought partial summary judgment with respect to their claims against Mr. Stevenson, Mr. LoStracco, and the Brett Defendants based on the pleas entered by Mr. Stevenson and Mr. LoStracco.[3] *See* Appellants' Motion for Partial Summary Judgment, 7/15/18, at ¶¶ 1-132. It was denied. *See*, *e.g.*, Decision and Order, 9/18/18, at 4 ("Plaintiffs, any parties, witnesses, and attorneys are precluded from offering [Mr. LoStracco's] *nolo contendere* plea as [an] admission or proof of the facts in this case . . . .").

After settlement with the Stevensons, the remaining parties proceeded to a seven-day jury trial that took place from September 24 through October 2, 2018. Following the close of Appellants' case, the trial court granted Appellees' request for a nonsuit on all counts except civil conspiracy, fraud, and negligence as to Mr. LoStracco, Mr. Brett, and the Firm. *Id*. at 3. Thereafter, the trial court dismissed all counterclaims, with the exception of Mr. LoStracco's allegations against the Ventrescas concerning conversion. *Id*.

Ultimately, the jury found in favor of Appellants with respect to their negligence claims against Mr. LoStracco, Mr. Brett, and the Firm. On all other remaining counts, the jury found in favor of Appellees. The jury concluded

_____

[3] Appellants also sought to admit evidence of Mr. LoStracco's *nolo contendere* plea by filing a motion *in limine*.

- 4 -

that Mr. LoStracco was acting as an agent of both Veneesa and the Firm during his negligent conduct. Finally, the jury found in favor of Mr. LoStracco with respect to his conversion claim against Appellants. *Id*. The jury assessed damages, as follows: (1) $76,000 against Mr. LoStracco; (2) $38,000 against each of the Brett Defendants; and (3) $26,700 against the Ventrescas. *Id*.

On October 9, 2018, Appellants timely filed a motion for post-trial relief, requesting, *inter alia*, that trial court: (1) assess joint and several liability against the Brett Defendants, Mr. LoStracco, and Mr. Stevenson in the amount of $641,996.32, under Pennsylvania law in effect prior to June 28, 2011;[4] (2) grant judgment notwithstanding the verdict ("JNOV") or a new trial as to their claim of conversion against Mr. LoStracco, pursuant to his *nolo contendere* plea and the doctrine of collateral estoppel; and (3) grant JNOV, or a new trial, establishing that Mr. LoStracco was only an agent of the Firm, and not both the Firm and Veneesa during the course of his negligence. **See** Appellants' Motion for Post-Trial Relief, 10/9/18, at ¶¶ 25-37, 62-93. Aside from requests for pre-judgment and post-verdict interest, attorneys' fees, and costs, no other relief was requested in this filing.

After entertaining post-trial motions and responses from all parties, the trial court granted Appellants' request for joint and several liability, but limited

---

[4] To reach this figure, Appellants combined the amounts awarded by the jury with Mr. Stevenson's civil liability, which was stipulated to by the parties. **See** Appellants' Motion for Post-Trial Relief, 10/9/18, at ¶ 29.

the order to Mr. LoStracco and the Brett Defendants for the total sum awarded by the jury's verdict, *e.g.*, $152,000. **See** Order, 10/29/18, at ¶ 1. The trial court denied the remainder of Appellants' requests for relief.

That same day, Appellants filed a second petition styled as a "Countermotion for a New Trial," which largely repeated the claims for relief set forth in their original post-trial motion while attempting to re-litigate various aspects of Mr. LoStracco's liability. **See** Appellants' Countermotion for a New Trial, 10/29/18, at ¶¶ 4-23 ("[T]he court has gone too far in protecting a criminal convicted of theft and conspiracy . . . ."). On November 25, 2018, Appellants sought reconsideration of the trial court's October 29, 2018 order.

While Appellants' motions were pending, they filed a timely notice of appeal from the trial court's October 29, 2018 post-trial order. The next day, the trial court denied Appellants' countermotion and request for reconsideration. Both Appellants and the trial court have complied with Pa.R.A.P. 1925.

Appellants have raised the following claims for our consideration:

**Question 1**: Did the trial court err as a matter of law by denying partial summary judgment to Appellants given Mr. Stevenson's and Mr. LoStracco's prior convictions for conspiracy and theft of Appellants' assets and the judicial admission of an agency relationship with the Brett Defendants?

**Question 2**: Did the trial court abuse its discretion and err as a matter of law by failing to impose collateral estoppel, and by limiting or excluding Appellants' use of appropriate evidence, *sua sponte* dismissing Appellants' conversion claim against Mr. LoStracco (but allowing Mr. LoStracco's conversion claim against

- 6 -

Appellants to proceed), and ultimately by denying Appellants' motion for a new trial?

**Question 3**: Did the trial court abuse its discretion and err as a matter of law by refusing to apply joint and several liability against all Appellees under prevailing Pennsylvania law for cases commenced in 2007?

**Question 4**: Did the [trial] court err as a matter of law by denying Appellants' JNOV regarding the jury verdict that found [Mr. LoStracco] committed "professional [accounting] negligence" when employed part-time with a construction company (Veneesa), instead of exclusively with the Firm?

Appellants' brief at 11-12 (cleaned up).

Appellants' first claim is styled as a challenge to the trial court's ruling with respect to Appellants' motion for partial summary judgment. Such an order is typically considered interlocutory and unappealable, particularly where the question presented is one of fact. *See Yorty v. PJM Interconnection, LLC*, 79 A.3d 655, 660 (Pa.Super. 2013); *see also City of Philadelphia v. Cumberland County Bd. of Assessment Appeals*, 81 A.3d 24, 44 (Pa. 2013) ("Summary judgment may be entered only where the record demonstrates there remain **no genuine issues of material fact**, and it is apparent that the moving party is entitled to judgment as a matter of law." (emphasis added)). Appellants also preserved this issue in their post-trial motions, in which they requested a JNOV with respect to their claims of conversion against Mr. LoStracco pursuant to theories of collateral estoppel incorporating his *nolo contendere* plea. **See** Appellants' Motion for Post-Trial Relief, 10/9/18, at ¶¶ 62-82. Therefore, we will review Appellants' first claim

- 7 -

under that rubric. In this context, "[w]e may reverse only in the event the trial court abused its discretion or committed an error of law that controlled the outcome of the case." *Sears, Roebuck & Co. v. 69th Street Retail Mall, L.P.*, 126 A.3d 959, 967 (Pa.Super. 2015).

Instantly, Appellants' arguments on this point arise under the doctrine of collateral estoppel, which "precludes relitigation of an issue determined in a previous action" so long as certain requirements are met. *See Office of Disciplinary Counsel and Kiesewetter*, 889 A.2d 47, 51 (Pa. 2005). This case implicates the "offensive" iteration of collateral estoppel, which "seeks to foreclose the defendant from litigating an issue the defendant has previously litigated unsuccessfully in an action with another party." *Id*.

Collateral estoppel applies if: (1) the issue decided in the prior case is identical to the one presented in the latter case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding; and (5) the determination in the prior proceeding was essential to the judgment. *Office of Disciplinary Counsel v. Duffield*, 644 A.2d 1186, 1189 (Pa. 1994).

Appellants assert that a JNOV should have been granted as to Appellants' claims of conversion against Mr. LoStracco upon the basis of his *nolo contendere* plea. *See* Appellants' brief at 33-39. Specifically, Appellants

argue that Mr. LoStracco's offenses were "virtually identical" to their civil claims for relief, thus obviating any dispute of material fact. *Id*. (citing *Shaffer v. Smith*, 673 A.2d 872, 874 (Pa. 1996)).

As the trial court noted in its Rule 1925(a) opinion, Appellants have significantly misapprehended the state of Pennsylvania law governing *nolo contendere* pleas. *See* Trial Court Opinion, 1/18/19, at 8 (noting that Appellants have committed an "elementary error" by "failing to distinguish between guilty pleas and *nolo contendere* pleas"). Mr. LoStracco's *nolo contendere* plea does not support the application of collateral estoppel in the civil context. A plea of *nolo contendere* has the equivalent effect of a guilty plea in the context of a criminal case. However, such a plea "is an implied confession of guilt only, and cannot be used against the defendant as an admission in any civil suit for the same act." *Eisenberg v. Comm. Dep't of Public Welfare*, 516 A.2d 333, 335 (Pa. 1986); *see also Commonwealth v. Moser*, 999 A.2d 602, 606 (Pa.Super. 2010) ("[T]he difference between a plea of *nolo contendere* and a plea of guilty is that, while the latter is a confession binding upon [the] defendant in other proceedings, the former has no effect beyond the particular case."). Stated simply, Appellants' position is in direct conflict with existing Pennsylvania law.[5]

_____

[5] Appellants have also cited the Commonwealth Court's holding in *Strain v. Commonwealth*, 784 A.2d 845 (Pa.Cmwlth. 2001), in support of their arguments, which notes that "our Supreme Court has upheld the use of a

Appellants reliance upon our Supreme Court's holding in **Shaffer** in support of their argument is inapt. In **Shaffer**, the defendant was convicted at trial, and our High Court held that he was collaterally estopped from contesting his liability in a civil action brought by the victim. **See Shaffer**, **supra** at 874 ("It is well established that a criminal conviction collaterally estops a defendant from denying his acts in a subsequent civil trial."). The Supreme Court offered no discussion of *nolo contendere* pleas in its analysis. As such, **Shaffer** is readily distinguishable (particularly in light of our Supreme Court's parallel holding in **Eisenberg**).[6]

Overall, Appellants have offered no compelling argument for the enlargement of the holding in **Shaffer**, or the distinguishment of **Eisenberg**. Consequently, we conclude that the evidence of Mr. LoStracco's *nolo contendere* plea was inadmissible to establish his liability in Appellants' civil

_____

conviction entered on a plea of *nolo contedere* as evidence in a subsequent civil matter where it was the fact of the conviction, not the plea, that was the operative fact relied upon." **Id**. at 848 (citing **Eisenberg v. Dep't of Public Welfare**, 516 A.2d 333, 336-37 (1986)). This is a correct statement of Pennsylvania law, but it is inapplicable to the instant case. Here, Appellants are solely concerned with admitting evidence of Mr. LoStracco's alleged admission of guilt. To be clear, the holding in **Strain** explicitly acknowledges such an action is not permissible. **Id**. (noting that a *nolo contendere* plea is designed "to protect a criminal defendant from use of the plea as an admission of the defendant's guilt or liability in a civil proceeding").

[6] Appellants' reliance upon **Folino v. Young**, 568 A.2d 171, 173-74 (Pa. 1990), is also inapposite pursuant to the same distinguishment. Specifically, the underlying criminal conviction in **Folino** was the result of a jury trial, and the opinion contains no discussion of *nolo contendere* pleas. **Id**.

case.  **Accord Eisenberg**, **supra** at 335, **Moser**, **supra** at 606.  The trial court did not abuse its discretion or err in refusing to grant a JNOV against Mr. LoStracco on this ground.[7]  No relief is due.

Although inartfully drafted,[8] we discern Appellants' second issue to be a challenge to the trial court's evidentiary ruling that excluded certain portions of a report prepared by Dennis Houser, CPA (the "Houser Report"), who conducted forensic accounting for the Bucks County District Attorney's Office as part of the prosecution of Mr. LoStracco.  As argued by Appellants, this issue implicates an order issued by the trial court which provided, in pertinent part, as follows: "Plaintiffs, any parties, witnesses and attorneys **are not precluded** from offering or referring to [the Houser Report] provided that no reference shall be made to the District Attorney's investigation, conclusions, reports, or resulting criminal charges and proceedings."  Order, 8/15/18, at ¶ 6 (emphasis in original).

_____

[7]  To the extent that Appellants' arguments are addressed to the negligence of Mr. LoStracco, we note that Appellants prevailed at trial on those claims. **See** Verdict Slip, 10/2/18, at 1-4.  As such, Appellants were not aggrieved by the trial court's denial of summary judgment as to those claims of negligence. **See** Pa.R.A.P. 501.

[8]  To the extent that Appellants seek to raise additional issues under this section of their brief, we find those arguments either: (1) duplicative of issues discussed elsewhere in Appellants' brief; or (2) waived for lack of substantive development pursuant to Pa.R.A.P. 2119(a).  **See Communications Network Int'l, Ltd. v. Mullineaux**, 187 A.3d 951, 965 (Pa.Super. 2018) (holding that an appellant waives claim of error where the appellant offers "no controlling authority" in support of argument).

We review a trial court's evidentiary decisions under an abuse of discretion standard. *See Hassel v. Franzi*, 207 A.3d 939, 950 (Pa.Super. 2019). "[W]here the evidentiary ruling turns on a question of law, our review is plenary." *Buckman v. Verazin*, 54 A.3d 956, 960 (Pa.Super. 2012). Specifically, Appellants' line of argument cites Pa.R.E. 404(b)(2) exhaustively for the proposition that portions of the Houser Report allegedly documenting the criminal prosecution of Mr. LoStracco were admissible.[9] *See* Pa.R.E. 404(b)(2) ("This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.").

Unfortunately, Appellants' discussion of this claim is disorganized, and fails to: (1) indicate which portions of the Houser Report should have been admitted at trial, or are even relevant to this claim; (2) identify the non-propensity purpose(s) that this evidence would have arguably been admissible for under Rule 404(b)(2); and (3) enumerate any specific prejudice suffered by Appellants as a result of this ruling. Rather, Appellants have presented unadorned averments that the trial court's evidentiary ruling somehow impeded their ability to adduce testimony at trial. *See* Appellants' brief at 44 ("By prohibiting or severely limiting available [Rule] 404(b)(2) evidence, practically prohibiting use of the Houser Report, examining or cross-examining

---

[9] *See* Appellants' brief at 44 (describing the Houser Report as the "quintessential source of [Rule] 404(b)(2) evidence").

witnesses as allowed under Pennsylvania law was hamstrung."). These statements are coupled with block quotations of testimony presented without context. Throughout this discussion, Appellants also misrepresent the trial court's ruling as having excluded the Houser Report in its entirety.

Setting aside these substantive deficiencies, our review of the certified record indicates that Appellants never sought the admission of the Houser Report pursuant to Pa.R.E. 404(b)(2) prior to taking an appeal to this Court.[10] *See* Appellants' Motions *In Limine*, 8/27/18, at ¶¶ 8-28 (requesting admission of the Houser Report only for impeachment purposes); Appellants' Memorandum, 4/30/19, at 16-19 (omitting Houser Report from Rule 404(b)(2) motion).[11] Our review of the remainder of the certified record has uncovered no preservation of this claim, and Appellants have not stated that such a request was ever made to the trial court. Thus, this claim is waived due to Appellants' failure to raise it in a timely fashion. *See Commonwealth v. Thomas*, 194 A.3d 159, 166 (Pa.Super. 2018) ("In order to preserve an evidentiary objection for purposes of appellate review, a party must interpose

_____

[10] In relevant part, the only Rule 404(b)(2) evidence referenced by Appellants were records and transcripts pertaining to Mr. LoStracco's disciplinary hearings before the Board of Accountancy. Beyond mentioning them in passing, Appellants do not substantively discuss these records and transcripts in their explanation of their second claim. *See* Appellants' brief at 46.

[11] These are the only places of preservation with respect to Rule 404(b)(2) arguments that are noted in the relevant portion of Appellants' brief. *See* Pa.R.A.P. 2117(c)(2), Appellants' brief at 21-22.

a timely and specific objection in the trial court."); ***see also*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Appellants' third claim concerns the trial court's post-trial ruling on joint and several liability.[12]  Under pre-amendment law, the Restatement (Second) of Torts governed, which provides that "[i]f the tortious conduct of each of two or more persons is a legal cause of harm that cannot be apportioned, each is subject to liability for the entire harm, irrespective of whether their conduct is concurring or consecutive."  ***Neal v. Bavarian Motors, Inc.***, 882 A.2d 1022, 1027 (Pa.Super. 2005) (citing Restatement (Second) of Torts § 879).  "'Whether liability for harm to a plaintiff is capable of apportionment is a question of law for the court, not a question of fact for the jury.'"  ***Id***.  "On questions of law, our standard of review is *de novo* and our scope of review is plenary."  ***Straub v. Cherne Industries***, 880 A.2d 561, 566 (Pa. 2005).

At the outset, we note that Appellants' discussion of this issue suggests a misunderstanding of the trial court's action.  Although Appellants represent that the trial court denied the imposition of joint and several liability outright,

---

[12]  Pennsylvania has now eliminated joint and several liability in most cases through the legislative enactment of the Fair Share Act.  ***See*** 42 Pa.C.S. § 7102.  However, Appellants' claims accrued prior to the June 28, 2011 effective date of that Act.  As such, Pennsylvania's pre-amendment joint and several liability paradigm applies in this case.  ***See Rost v. Ford Motor Co.***, 151 A.3d 1032, 1044 n.7 (Pa. 2016).  We also note that the parties agreed by stipulation that pre-Act liability law would govern.

the trial court actually granted Appellants' post-trial request with respect to Mr. LoStracco and the Brett Defendants:

> 1. Plaintiff's Motion for joint and several liability is **GRANTED IN PART**. Liability is joint and several to Plaintiffs as awarded by the jury on the count of negligence against Defendants Michael LoStracco for $76,000, J. Daniel Brett for $38,000; and J. Daniel Brett & Co., P.C. for $38,000; and **DENIED** otherwise.

Order, 10/29/18, at ¶ 1 (emphasis in original). As we understand it from Appellants' motion practice, this issue actually concerns the trial court's alleged error in failing to include Mr. Stevenson's restitutionary sum in the joint and several liability of Mr. LoStracco and the Brett Defendants. *See* Appellants' Motion for Post-Trial Relief, 10/9/18, at ¶ 29, Appellants' Rule 1925(b) Statement, 12/19/18, at 5.

Overall, Appellants do not dispute that Mr. Stevenson was released from the litigation in exchange for conceding his civil liability in the amount of his restitutionary order. *See* Appellants' brief at 27 ("In the civil case, just prior to trial, [Mr. Stevenson] decided not to challenge the civil claims against him and the parties all agree that the Verdict Slip should read, 'It has already been determined that Defendant Thomas Stevenson is liable to [Appellants] in the amount of $516,696.32.""). As a memorialization of this agreement among the parties, the trial court filed an order providing as follows:

> **IT IS HEREBY ORDERED**, this 1st day of **October, 2018**, Thomas and Terri Stevenson will not appear on the caption or on the Verdict Slip and a statement will be made to the Jury indicating that in a prior hearing, Thomas Stevenson had been Ordered to pay restitution to [Appellants] in the amount of $516,696.32.

Order, 10/1/18 (emphasis in original). Thereafter, Mr. Stevenson did not participate in the proceedings as a party-defendant.

Consistent with the parties' agreement, the verdict slip contained the following statement on its first line: "It has already been determined that Defendant Thomas Stevenson is liable to [Appellants] in the amount of $516,696.32." Verdict Slip, 10/2/18, at 1. Beyond this advisement, Mr. Stevenson was not listed as a party-defendant on any section of the verdict slip. *Id*. at 1-4. Consequently, the jury did not render any finding concerning his liability, nor assign any damages attributable to his actions.

Appellants' discussion of this issue is threadbare, and includes a bald assertion that the "damages due to [Appellants] as a result of [Appellees'] torts totaled $641,996.32." Appellants' brief at 53. There is no discussion of the nature of Mr. Stevenson's stipulated liability, the legal effect of his omission from the verdict slip, or any refutation of the trial court's reasoning. *Id*. Appellants' only substantive argument is the rote application of a list of factors that have previously been identified under Pennsylvania law as relevant to this inquiry, which include: (1) the identity of a cause of action against each of two or more defendants; (2) the existence of a common, or like duty; (3) whether the same evidence will support an action against each; (4) the single, indivisible nature of the injury to the plaintiffs; (5) identity of the facts as to time, place, or result; (6) whether the injury is direct and immediate, rather than consequential; and (7) responsibility of the defendants

for the *injuria* as distinguished from the same *damnum*. **See Neal**, **supra** at 1027 (quoting **Voyles v. Corwin**, 441 A.2d 381, 383 (Pa.Super. 1982)). Appellants' discussion of these factors makes mere passing mention of Mr. Stevenson, while engaging in a protracted discussion of the agency relationship between the Brett Defendants and Mr. LoStracco. **See** Appellants' brief at 53-55. These tangential assessments do not support the central thesis of Appellants' third claim.

In contrast, the trial court presented the following cogent rationale for declining to include Mr. Stevenson and his restitutionary amount in its joint and several liability holding:

> Thomas Stevenson conceded to his civil liability based upon his conduct in the amount of $516,696.32 to [Appellants]. While the [trial court] notes this amount mirrors his restitution Order from 2012, the [trial court] does not know specifically how this sum was calculated, nor the specific components of loss it addressed with relation to [Mr.] Stevenson's conduct. There is no basis in the record for the [trial court] to conclude that the negligence identified by the jury as to the other Defendants concerned the same items of loss [Appellants] sustained from Thomas Stevenson's prior criminal conduct. [Mr.] Stevenson was not an accountant and did not work as an owner or employee of [the Firm] as did the other Defendants. Furthermore, [Mr.] Stevenson was not alleged by [Appellants] to have committed any manner of professional negligence or malpractice as set forth against the Brett Defendants and [Mr.] LoStracco.

Trial Court Opinion, 1/18/19, at 11.

Overall, we are persuaded by the trial court's reasoning. Appellants have not presented a compelling argument, and we discern no legal error in the trial court's conclusions. Accordingly, Appellant's third claim fails.

Appellants' fourth claim seeks reversal of the trial court's order refusing to enter a JNOV with respect to the jury's finding that Mr. LoStracco was employed at Veneesa at the time of his "professional negligence." **See** Appellant's brief at 56. "We will reverse a trial court's grant or denial of a [JNOV] only where we find an abuse of discretion or an error of law that controlled the outcome of the case." **Pearson v. Philadelphia Eagles, LLC**, 220 A.3d 1154, 1158 (Pa.Super. 2019).

On the verdict slip, the jury determined that Mr. LoStracco was employed by both the Firm and Veneesa when he acted negligently. **See** Verdict Slip, 10/2/18, at 3. Although this finding is arguably favorable to Appellants' claims,[13] they nonetheless sought a JNOV that Mr. LoStracco was **not** employed by Veneesa during that time frame. **See** Appellants' Motion for Post-Trial Relief, 10/9/18, at ¶¶ 83-93.

We discern that Appellants are claiming that it was somehow legally impossible for Mr. LoStracco to be found guilty of negligence while he was

---

[13] In its Rule 1925(a) opinion, the trial court opined that Appellants could not raise this issue on appeal because they were not "aggrieved" by the jury's finding. Although we ultimately find Appellants' argument waived on different grounds, we share the trial court's incredulity concerning this line of argument. **See In re Estate of Pendergrass**, 26 A.3d 1151, 1154 (Pa.Super. 2011) ("Although a prevailing party may disagree with the trial court's legal reasoning or findings of fact, the prevailing party's interest is not adversely affected by the trial court's ultimate order because the prevailing party was meritorious in the proceedings below.") (citing Pa.R.A.P. 501). In relevant part, Appellants have not explained how this holding is detrimental to them.

found to also be employed by Veneesa. *See* Appellants' brief at 56 ("Professional negligence as a CPA can only occur while under the auspices of a CPA firm not a construction company that in no way provides accounting services."). Across one page of argument, Appellants have cited no legal authority in support of this claim.[14] Accordingly, Appellants have waived this issue for failure to develop their discussion. *See* Pa.R.A.P. 2119(a), *Communications Network Int'l, Ltd. v. Mullineaux*, 187 A.3d 951, 965 (Pa.Super. 2018) (holding that an appellant waives claim of error where they offer "no controlling authority").

Order affirmed. Case remanded. Jurisdiction relinquished.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/27/2020

---

[14] Appellants' lone citation in this section is to our Supreme Court's holding in *In re Adoption of S.A.J.*, 838 A.2d 616, 621 (Pa. 2003), in support of a non-sequitur discussion of the agency relationship between Mr. LoStracco and the Brett Defendants. Our review of this case reveals no on-point guidance.