J-S44005-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL SHANE MCCREARY | : | |
| | : | |
| Appellant | : | No. 420 MDA 2022 |

Appeal from the PCRA Order Entered February 23, 2022
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0002798-2019

BEFORE: PANELLA, P.J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED: MARCH 16, 2023**

Michael Shane McCreary brings this appeal following the dismissal of his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Because McCreary is no longer serving his probationary sentence, we affirm.

In June 2019, McCreary was charged at docket number 0002798-2019 with multiple counts of firearm violations and sex-related crimes. In exchange for McCreary waiving his preliminary hearing, the Commonwealth withdrew a felony count of unlawful contact with a minor for the purpose of prostitution.

---

[*] Retired Senior Judge assigned to the Superior Court.

*See* 18 Pa.C.S.A. § 6318(a)(3). Pursuant to SORNA,[1] this crime is a Tier II registrable offense. *See* 42 Pa.C.S.A. § 9799.14(c)(5).

On October 6, 2020, McCreary entered a plea of *nolo contendere* to one misdemeanor count of firearms delivery and one misdemeanor count of false reports, "in full satisfaction of all charges" at docket number 0002798-2019. The trial court sentenced McCreary to serve a term of eighteen months of probation for the firearms delivery conviction and a concurrent term of twelve months of probation for the conviction of false reports. McCreary did not take a direct appeal.

On October 4, 2021, McCreary file a *pro se* PCRA petition, and the PCRA court appointed counsel. In his petition, McCreary claimed that his trial counsel was ineffective during the plea process because counsel improperly pressured him to accept the plea for counsel's convenience. Thereafter, the PCRA court appointed counsel to McCreary, and counsel filed two amended PCRA petitions. In the second amended petition, counsel clarified McCreary's claim:

> [McCreary's *nolo contendere*] plea was not knowing, intelligent and voluntary because it was entered into based upon incorrect information and advice from his attorney. Specifically, his attorney told [McCreary] the following:
>
> a. That [McCreary] could receive a sentence of five years in prison if he were convicted after a trial;

---

[1] SORNA stands for Pennsylvania's Sex Offender Registration and Notification Act, 42 Pa.C.S.A. §§ 9799.10-9799.41.

b. That [McCreary] would be required to register as a sex offender if he were convicted of certain offenses after a trial;
c. That [McCreary] would be charged with Intimidation of a Witness if he did not accept the plea being offered. The possibility of the aforementioned charge being brought against [McCreary] only arose a result of [McCreary's] attorney directing [McCreary] to serve a subpoena on a witness. [McCreary] served the subpoena as advised by his attorney and his contact with the witness resulted in the threat of the charge being brought if Petitioner did not accept the plea and;
d. That [counsel] was not prepared for a trial and therefore it was in [McCreary's] best interest to accept the plea.

Amended PCRA Petition, filed 2/11/22, at ¶ 10.

The PCRA court held a hearing on February 22, 2022. On February 23, 2022, the PCRA court entered an order dismissing McCreary's petition. This timely appeal followed. The sole issue McCreary presents is whether trial counsel was ineffective in advising McCreary to enter his plea of *nolo contendere*,[2] which resulted in the plea being not knowingly and intelligently entered. **See** Appellant's Brief at 8-10.

Our standard of review for an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. **See Commonwealth v. Phillips**, 31 A.3d

_____

[2] We note that "[a] plea of *nolo contendere*, when accepted by the court, is, in its effect upon the case, equivalent to a plea of guilty." **Eisenberg v. Commonwealth**, 516 A.2d 333, 335 (Pa. 1986) (citation omitted). It is clear that a criminal defendant's right to effective counsel extends to the plea process, as well as during trial. **See Commonwealth v. Allen**, 833 A.2d 800, 802 (Pa. Super. 2003).

317, 319 (Pa. Super. 2011). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *See id*.

Before we review the issue raised by McCreary, we must first determine whether he is eligible for relief under the PCRA. To do so, we must address whether McCreary has satisfied the dictates of the PCRA. Among other things, to be eligible for relief under the PCRA, McCreary must plead and prove by a preponderance of the evidence that he has been convicted of a crime under the laws of this Commonwealth and is, at the time relief is granted, currently serving a sentence of imprisonment, probation or parole for the crime. *See* 42 Pa.C.S.A. § 9543(a)(1)(i).

Our Supreme Court and this Court have consistently interpreted section 9543(a) to require that a PCRA petitioner be serving a sentence while relief is being sought. *See Commonwealth v. Ahlborn*, 699 A.2d 718, 720 (Pa. 1997); *Commonwealth v. Matin*, 832 A.2d 1141, 1143 (Pa. Super. 2003). As our Supreme Court explained in *Ahlborn*, the denial of relief for a petitioner who has finished serving his sentence is required by the plain language of the PCRA statute. *See Ahlborn*, 699 A.2d at 720. To be eligible for relief a petitioner must be currently serving a sentence of imprisonment, probation or parole. *See id*. To grant relief at a time when an appellant is not currently serving such a sentence would be to ignore the language of the statute. *See id*.

Moreover, we have explained that "[a]s soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition." *Commonwealth v. Williams*, 977 A.2d 1174, 1176 (Pa. Super. 2009) (citation omitted). It is well-settled under Pennsylvania law that the PCRA court loses jurisdiction the moment an appellant's sentence expires. *See Commonwealth v. Turner*, 80 A.3d 754, 769 (Pa. 2013) (holding that when a petitioner's sentence expires while his PCRA petition is pending before the PCRA court, the PCRA court loses jurisdiction to rule on the merits of the petition).

Our review of the record reflects that McCreary invoked the PCRA when he filed his *pro se* PCRA petition on October 4, 2021. However, our review of the record also reveals that on October 6, 2020, the trial court sentenced McCreary to serve a term of probation of eighteen months for his firearm conviction and a concurrent term of probation of twelve months for the conviction of false reports. The record further indicates that McCreary began serving his term of probation on October 8, 2020. *See* Pro Se PCRA Petition, 10/4/21, at 2 (stating "I was sentenced [to probation] on [the] 6th day [of] October, 2020 to a total term of 18 months, commencing on [the] 8th day [of] October, 2020"). Accordingly, McCreary's eighteen-month term of probation ended on April 6, 2022, and he has finished serving his sentence pertinent to the convictions at issue. Hence, McCreary cannot satisfy the requirements of the PCRA, and he is currently ineligible to seek further relief pursuant to the

PCRA. **See** 42 Pa.C.S.A. § 9543(a)(1)(i); **Ahlborn**,699 A.2d at 720;

**Williams**, 977 A.2d at 1176. Consequently, no relief is due.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 03/16/2023